IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

RECEIVED IN PRO SE OFFICE
JUL 11 '25 AM 10:05

Li-Shann Chang

_____

_____

*(Write the full name of each plaintiff who is filing
this complaint. If the names of all the plaintiffs
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

**-against-**

The City of New York et al.
See Attached.

_____

*(Write the full name of each defendant who is
being sued. If the names of all the defendants
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names. Do not include
addresses here.)*

Fourth Amended Complaint
**Complaint for Violation of Civil
Rights**
(Non-Prisoner Complaint)

Case No. 1:25-cv-02108-PKC-PK
*(to be filled in by the Clerk's Office)*

Jury Trial:    ☑ Yes    ☐ No
          *(check one)*



RECEIVED
JUL 11 2025
PRO SE OFFICE

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting
from public access to electronic court files. Under this rule, papers filed with the court should
*not* contain: an individual's full social security number or full birth date; the full name of a
person known to be a minor; or a complete financial account number. A filing may include
*only*: the last four digits of a social security number; the year of an individual's birth; a
minor's initials; and the last four digits of a financial account number.

Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other
materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an
application to proceed in *forma pauperis*.

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Li-Shann Chang
Street Address: 162 Troy Ave. (Apt.1F)
City and County: Brooklyn, Kings
State and Zip Code: New York, 11213
Telephone Number: 347-453-0366 - 347-529-7421
E-mail Address: Changlishann@gmail.com

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name: The City of New York
Job or Title (if known):
Street Address: 100 Church Street
City and County: New York, N.Y
State and Zip Code: New York, 10007
Telephone Number: 212-401-0800
E-mail Address (if known): ServiceECF@law.nyc.gov

2

Defendant No. 2

  Name      *See Attached*

  Job or Title
  (if known)

  Street Address

  City and County

  State and Zip Code

  Telephone Number

  E-mail Address
  (if known)


Defendant No. 3

  Name      *See Attached*

  Job or Title
  (if known)

  Street Address

  City and County

  State and Zip Code

  Telephone Number

  E-mail Address
  (if known)


Defendant No. 4

  Name      *See Attached*

  Job or Title
  (if known)

  Street Address

  City and County

  State and Zip Code

  Telephone Number

  E-mail Address
  (if known)

II. **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☑ State or local officials (a § 1983 claim)

☐ Federal officials (a *Bivens* claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

See Attached

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

See Attached

4

### III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

162 Troy Ave. (Apt. 1F), Brooklyn NY 11213
See Attached.

B. What date and approximate time did the events giving rise to your claim(s) occur?

May 9th 2024, May 14th 2024, See Attached.

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See Attached.

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Severe Emotional Distress, loss of liberty, Mental anguish, psychological trauma, loss of dignity Humiliation, Fear and Anxiety, Distress caused by Unlawful arrest. Interference with family integrity See Attached

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

See Attached.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.    For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: July 11th, 2025

Signature of Plaintiff _____

Printed Name of Plaintiff Li-Shann Chang _____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

**Li-Shann Chang**

Plaintiff,

v.

**The City of New York;**

**Feild Intelligence officer Craig McGrath (Sheild#26900, Badge#6658);**

**Detective Tiffany A. Martinez (Sheild#2382);**

**Detective David Gomez (Sheild#1264);**

**Doe detective#1**

**Detective Cesar Valerio (Badge #6919);**

**Detective Dave A. Williams (Badge#1784)**

**Officer Lovepreet Singh (Badge #9410);**

**Sergeant Desiste Wegemen (Badge #2332);**

**Sergeant Umar Khitab (Badge #3527);**

**Officer Christian A. Lopez (Badge #7619);**

**Officer Marko Sikiric (Badge #4016);**

**Detective Shane Jacobs (Badge #3867);**

**Officer Stephanie Mendozablom (Badge #14983);**

**Officer Joseph Bisogno (Badge #13655);**

**Officer Brandon A. Villabedoya (Badge #29601);**

**JUDGE Kim Petersen of Kings County Brooklyn Supreme Court 320 Jay St.**

**JUDGE Abena Darkeh of Kings County Brooklyn Supreme Court 320 Jay st.**

**A.D.A Fernando M. Leal of Kings County Brooklyn D.A's office 350 Jay St.**

**A.D.A Janette Lukowsky of Kings County Brooklyn D.A's office 350 Jay St.**

**A.D.A Hannah Howard of Kings County Brooklyn D.A's office 350 Jay St.**

**Doe#2 R.A.O of One police plaza Foil unit.**

**R.A.O Lieutenant Cynthia Acerra of One police plaza Foil unit.**

**Jana M. McNulty Esq.**

**Defendants.**

**Jury Trial Demanded**

**Case No.:** 1:25-cv-02108-PKC-PK

## JURISDICTION AND VENUE

- This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), as this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983 and related federal statutes.
- This Court also has supplemental jurisdiction over Plaintiff's state law claims, if any, pursuant to 28 U.S.C. § 1367(a), as those claims arise from the same nucleus of operative facts as the federal claims.
- Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and because the Defendants reside or conduct business in this District.

## PARTIES

- **Li-Shann Chang is a resident of Kings County, New York. (Plaintiff).**

- **THE CITY OF NEW YORK is a municipal corporation organized under the laws of the State of New York. It operates and maintains the New York City Police Department ("NYPD"), and is responsible for the policies, practices,**

supervision, training, and conduct of its law enforcement officers and prosecutorial agents. The City is sued in its official capacity under 42 U.S.C. § 1983 and Monell v. Department of Social Services, 436 U.S. 658 (1978), for the unconstitutional customs, policies, and practices that caused the violations of Plaintiff's rights described herein.

- **NYPD Field Intelligence Officer Craig McGrath (Shield #26900, Badge #6658) is sued in his individual and official capacity.**
- **Detective Tiffany A. Martinez (Shield #2382) is sued in her individual and official capacity.**
- **Officer David Gomez (Shield #1264) is sued in his individual and official capacity.**
- **Doe Detctive#1 is sued in his individual and official capacity.**
- **Officer Lovepreet Singh (Badge #9410) is sued in his individual and official capacity.**
- **Detective Cesar Valerio (Badge #6919) is sued in his individual and official Capacity.**
- **Detective Dave A. Williams (Badge#1784) is sued only in his official capacity.**

- **Sergeant Desiste Wegemen (Badge #2332) is sued in his individual and official capacity.**
- **Officer Christian A. Lopez (Badge #7619) is sued in his individual and official capacity.**
- **Sergeant Umar Khitab (Badge #3527) is sued in his individual and official capacity.**
- **Officer Marko Sikiric (Badge #4016) is sued in his individual and official capacity.**
- **Detective Shane Jacobs (Badge #3867) is sued in his individual and official capacity.**
- **Officer Stephanie Blom (Badge #14983) is sued in her individual and official capacity.**

- **Officer Joseph Bisagno (Badge #13655) is sued in his individual and official capacity.**
- **Officer Brandon A. Villabedoya (Badge #29601) is sued in his individual and official capacity.**

- **JUDGE Kim Petersen is sued in her official capacity. ( Plaintiff request injunctive relief only).**

- **JUDGE Abena Darkeh is sued in her official capacity. ( Plaintiff request injunctive relief only).**
- **A.D.A Hannah Howard of Kings County Brooklyn D.A's office 350 Jay St.**

- **A.D.A Fernando M. Leal is sued in his individual and official capacity.**

- **A.D.A Janette Lukowsky is sued in her individual and official capacity.**

- **Doe#2 R.A.O is sued in his or her individual and official capacity.**

- **R.A.O Lieutenant Cynthia Acerra is sued in her individual and official capacity.**

- **Jana McNulty is sued in her individual capacity.**

**JURY TRIAL DEMANDED**

Pursuant to the Court's Order dated June 24, 2025, Plaintiff Li-Shann Chang hereby files this **Fourth Amended Complaint** as the operative pleading in the above-captioned matter. This complaint incorporates and supersedes all prior complaints, motions, supplements, and addenda filed to date, including ECF Nos. 12, 13, 14, 15, 19, and 20, which were expressly granted by the Court.

Plaintiff has complied with the Court's instruction to file a complete and organized amended complaint that:

- Identifies all known defendants,
- States each cause of action clearly and completely,
- Provides supporting facts for each count asserted,
- Reflects all previously granted amendments and supplemental claims, and
- Contains all exhibits filed separately in compliance with the Court's electronic filing rules.

All claims are asserted in good faith and consistent with Federal Rule of Civil Procedure 11(b). Each defendant is named in their individual and/or official capacity as specified in the "Parties" section below and is alleged to have participated directly or indirectly in the violations of Plaintiff's rights as described herein.

### PERMISSIVE JOINDER OF DEFENDANTS AND RULE 15(a)(2) AMENDMENTS

**FOOT NOTE 1:** Each of the newly named defendants is a necessary party under **Federal Rule of Civil Procedure 19(a),** as complete relief cannot be accorded among existing parties without their joinder, and their absence would impair their ability to protect their interests and risk inconsistent obligations.

Pursuant to **Federal Rule of Civil Procedure 20(a)(2),** Plaintiff Li-Shann Chang seeks to join multiple Defendants in this Fourth Amended Complaint on the basis that:

1. **The City of New York is named as a Defendant pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978),** based on its deliberate indifference, failure to adequately train, supervise, and discipline its employees, and the existence of unconstitutional customs, policies, or practices that directly caused or substantially contributed to the constitutional violations alleged herein. These include policies or toleration of falsified warrant procedures, abuse of prosecutorial discretion, and obstruction of FOIL access, all of which amount to official sanctioning of misconduct.

2. Plaintiff asserts that the **City's policies and failures in oversight** were the moving force behind a series of **egregious constitutional violations** committed by its agents acting under color of law, in violation of 42 U.S.C. § 1983. These violations include—but are not limited to—**false arrest, unlawful search and seizure, malicious prosecution, retaliation for protected conduct, racial discrimination, fabrication and concealment of material evidence, deprivation of due process, deliberate indifference,** and **denial of public record access in violation of FOIL.** These actions violated Plaintiff's rights under the **First, Fourth, Fifth, and Fourteenth Amendments** to the United States Constitution and form the basis of municipal liability.

3. These injuries stem from a **common nucleus of operative facts**—namely, the **unlawful NYPD raid conducted on May 14, 2024,** the **fabrication and judicial use of a falsified search warrant, subsequent prosecutorial misconduct, judicial ratification of tainted evidence,** and **intentional interference with FOIL rights** by NYPD's Legal Bureau and associated personnel. The City's pattern of ratifying such acts through inaction and willful blindness constitutes an actionable Monell

violation. These claims are fully detailed and substantiated in **Counts I through VII** of this Complaint.

4. **There exist common questions of law and fact** regarding all named Defendants' involvement in violating Plaintiff's constitutional and statutory rights under 42 U.S.C. §§ 1983, 1985, 1988; 18 U.S.C. § 1962(c)-(d) (RICO); the Equal Protection Clause; and related state law claims.

5. The following individuals and entities are permissibly joined under Rule 20(a)(2):

    a. **The City of New York,** for Monell liability as the policymaker responsible for the conduct of its employees and agents.

    b. **NYPD OFFICERS, F.I. O'S, SERGEANTS, DETECTIVES** for their roles in violation of plaintiff's civil rights.

    c. **Detective John Doe #1,** identified in BWC footage as colluding with Gomez during the unlawful raid; Plaintiff intends to name this officer upon identification through **discovery.**

    d. **Lieutenant Cynthia Acerra,** FOIL Director, who as commanding officer oversaw and ratified a racially discriminatory denial of Plaintiff's FOIL appeal. Even if she did not personally make the "none Korotón" comment, she is named in her supervisory capacity for Monell and Equal Protection liability.

    e. **ADA Fernando M. Leal** and **ADA Janette Lukowsky,** for their non-advocative, administrative and investigative roles in fabricating backdated discovery materials (premise document), contributing to the ongoing malicious prosecution in **Indictment No. 75218-24/001.**

    f. **Hon. Kim Petersen,** who signed a facially invalid search warrant in the absence of probable cause or affidavit, thereby acting in clear absence of all jurisdiction.  and acted outside of her judicial scope (Bradley v. Fisher)

    g. **Hon. Abena Darkeh,** acting outside the scope of judicial immunity, permitted the People to file multiple Certificates of Compliance **(COCs)** without explanation, despite material deficiencies, while presiding over a docketed pending case Showing no existing (SOR) entered into docket# **Indictment No. 75218-24/001.**

    h.  and permitted the case to proceed to **pretrial** and **trial** stages based on knowingly false warrant materials. Such conduct constitutes an **administrative function,** not a protected judicial act, and falls within the exception outlined in *Forrester v. White,* 484 U.S. 219 (1988). Furthermore, Judge Darkeh violated Plaintiff's constitutional right to self-representation under *Faretta v. California,* 422 U.S. 806 (1975), by unlawfully delaying Plaintiff's Faretta hearing after Plaintiff clearly terminated appointed counsel

on the record. She then compelled Plaintiff to continue with counsel from Brooklyn Defender Services (BDS) against Plaintiff's will and in direct violation of clearly established law.

i. **Jana McNulty, Esq.**, Plaintiff's former defense counsel, is joined under Rule 20(a)(2) as a newly discovered defendant who participated in the **RICO** conspiracy by **colluding** with the prosecution after Plaintiff filed a Notice of Claim in November of 2024 and **intentionally** withheld discovery and strategic advocacy.

j. **Detective Melvin Cordero**, whose 2018 actions—although past the §1983 statute of limitations—are included solely for **predicate RICO purposes** (see Count VI), not for standalone damages, **nor is listed as defendant**.

k. **John Doe#2 RAO**, the individual who allegedly made the racially discriminatory "**none Korotón**" remark in the **FOIL RESPONSE** process. Plaintiff will amend the complaint to substitute this individual once identified during **discovery.**

l. **Hannah Howard, ADA Hannah Howard**, a newly discovered defendant, is joined under Rule 20(a)(2) for her role in furthering the ongoing RICO conspiracy by actively handling and sustaining the maliciously prosecuted indicted case **(Indictment No. 75218-24/001)** despite her knowledge of fabricated warrant materials and tainted evidence originating from the May 14, 2024 unlawful raid. ADA Howard is sued in her official and individual capacity for non-advocatory conduct outside the scope of prosecutorial immunity.

m. **Detective Dave Williams (Badge #1784)** is joined pursuant to Rule 20(a)(2) and Rule 19(a) as a necessary party, as he effectuated the August 22, 2024 arrest of Plaintiff in the absence of Detective Cesar Valerio, making him the arresting officer in the now-dismissed criminal contempt case; his inclusion is required to avoid violating federal rules regarding omission of materially involved defendants.

6. **Justification for Joinder**: All named Defendants either directly engaged in or ratified actions that form part of a broader **racketeering pattern** and **conspiracy to violate Plaintiff's civil rights**. Their conduct is interrelated and stems from a common nucleus of operative facts.

7. **Judicial Authority Supporting Joinder**: The Court has already **granted Plaintiff leave to amend** and incorporate new claims and parties (see Order dated June 24, 2025), and Plaintiff proceeds in full compliance with **Rule 15(a)(2)** and **Rule**

See Foman v. Davis, 371 U.S. 178 (1962); Matima v. Celli, 228 F.3d 68 (2d Cir. 2000); Monell v. Dept. of Social Services, 436 U.S. 658 (1978); Pulliam v. Allen, 466 U.S. 522 (1984); Forrester v. White, 484 U.S. 219 (1988); Bradley v. Fisher, 80 U.S. 335 (1871); Dennis v. Sparks, 449 U.S. 24 (1980); Kalie v. Bank of Am. Corp., 297 F.R.D. 552 (S.D.N.Y. 2013); Pimentel v. Banco Popular, 553 U.S. 851 (2008); Connick v. Thompson, 563 U.S. 51 (2011); Buckley v. Fitzsimmons, 509 U.S. 259 (1993); H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (1989).

## FOOT NOTE 2:

8. Plaintiff incorporates by reference the factual and legal arguments raised in ECF 13, including Footnote 1 and the pending motions cited therein. The judicial actors referenced herein are **not sued for monetary damages**, and Plaintiff expressly limits claims against them to **acts taken outside their judicial function or in furtherance of an unlawful conspiracy** in violation of Plaintiff's constitutional rights.

9. Specifically, **Judge Abena Darkeh** is named **solely in her official capacity** and is alleged to be responsible only for **Count 3 (Malicious Prosecution), Count 5 (Civil Conspiracy to Violate Civil Rights)**, and **Count 6 (RICO under 18 U.S.C. § 1962)** based on conduct undertaken in furtherance of a coordinated scheme to sustain a fraudulent prosecution despite known deficiencies in probable cause and backdated evidence. **(Note: Judge Darke Abena is not accountable for Monell count as inadvertently decribed in ecf 13 & footnote1)**

10. **Judge Kim Petersen** is also sued **only in her official capacity** and is alleged to be liable for **Count 1 (False Arrest), Count 2 (Illegal Search and Seizure), Count 3 (Malicious Prosecution), Count 5 (Civil Conspiracy to Violate Civil Rights)**, and **Count 6 (RICO under 18 U.S.C. § 1962)**. These counts stem from Judge Petersen's issuance of a constitutionally defective warrant absent any affidavit, factual premise, or probable cause — conduct that Plaintiff asserts reflect **judicial ratification of known misconduct** and participation in an unconstitutional policy or custom actionable under **Monell v. Department of Social Services, 436 U.S. 658 (1978)**.

See Pulliam v. Allen, 466 U.S. 522 (1984) (judicial immunity does not bar prospective injunctive relief); Mireles v. Waco, 502 U.S. 9 (1991) (acts taken in absence of jurisdiction are not protected); Stump v. Sparkman, 435 U.S. 349 (1978) (defining scope of judicial acts); Dennis v. Sparks, 449 U.S. 24 (1980) (conspirators with judges are not shielded); Pierson v. Ray, 386 U.S. 547 (1967) (injunctive relief

not barred by judicial immunity); Monell v. Dep't of Social Services, 436 U.S. 658 (1978) (municipal liability where policy or custom causes constitutional harm).

*The footnotes herein are included pursuant to Fed. R. Civ. P. 15(a)(2) for clarification and preservation of the record and to ensure judicial economy. Plaintiff does not seek damages against either judicial officer but seeks injunctive relief where applicable.*

**Case No.:** 1:25-cv-02108-PKC-PK

**JURY TRIAL DEMANDED**

## Fourth amended complaint

## To the Honorable Judge Pamela K. Chen and Magistrate Judge Peggy Kuo:

Pursuant to the Court's Order dated June 24, 2025, which granted Plaintiff leave to file a Fourth Amended Complaint incorporating amendments, corrections, and additional defendants consistent with Plaintiff's prior motions (see ECF Nos. 11–15), and further directed that no additional amendments shall be permitted until after all defendants have been served and the Initial Conference has been held, Plaintiff hereby provides notice of intent to file the Fourth Amended Complaint in accordance with that directive.

Plaintiff respectfully invokes the principle reaffirmed in *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000), that "leave to amend should be freely given," and that "a pro se litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim"

*Respectfully submitted*

# INTRODUCTION

This is a civil rights and racketeering action brought under 42 U.S.C. §§ 1983, 1985, and 1988; 18 U.S.C. §§ 1962(c) and (d) (RICO); the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; and related state and municipal law. Plaintiff **Li-Shann Chang**, a Brooklyn resident and single mother, seeks redress for a series of egregious constitutional violations perpetrated by members of the New York City Police Department (NYPD), employees of the Kings County District Attorney's Office, judicial officers of the

perpetrated by members of the New York City Police Department (NYPD), employees of the Kings County District Attorney's Office, judicial officers of the New York State Unified Court System, and other state and municipal actors acting under color of law.

These violations arise from a coordinated and unlawful campaign that began with the execution of a **constitutionally defective search warrant** on May 14, 2024, based on **fabricated evidence** and a **nonexistent supporting affidavit**, and continued through malicious prosecution, false arrest, racially discriminatory retaliation, obstruction of FOIL access, concealment of exculpatory materials, and retaliatory judicial decisions — all undertaken to harass, defame, silence, and deprive Plaintiff of her liberty, dignity, and rights.

Plaintiff's claims stem from a **common nucleus of operative facts** that demonstrate a **pattern of racketeering activity**, widespread municipal misconduct, and individual participation in a conspiracy to violate her civil rights. Defendants named herein include Jana McNulty, NYPD detectives and officers, Assistant District Attorneys Fernando M. Leal, Janette Lukowsky, and Hannah Howard, FOIL Legal Bureau personnel, court officers, and judges who ratified and sustained the unlawful actions despite knowing they were predicated on falsehoods. Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, and any further relief deemed just and proper.

Plaintiff proceeds in accordance with Fed. R. Civ. P. 15(a)(2), 19(a), and 20(a)(2), following this Court's June 24, 2025 Order granting leave to file a Fourth Amended Complaint and expressly preserving Plaintiff's right to name all necessary parties and incorporate previously granted motions (ECF Nos. 11–15). This Fourth Amended Complaint reflects all known defendants and claims arising from the City's policy-driven constitutional violations and ongoing harms committed under color of law.

> Plaintiff expressly reserves the right to amend this complaint to assert additional claims arising from the same incident, including claims currently precluded due to the pendency of ongoing criminal proceedings, once said proceedings have been resolved in Plaintiff's favor. "Plaintiff respectfully moves this Court for leave to amend the complaint to assert additional claims pursuant to Rule 15(a)(2), following the favorable termination of pending criminal charges which previously precluded the assertion of said claims pursuant to *Heck v. Humphrey*."

applicable federal law, arising from plaintiff's false arrests, including but not limited to the constitutional violations of plaintiffs civil rights.

**Plaintiff respectfully seeks the following relief pursuant to 42 U.S.C. §§ 1983, 1985, 1988, and applicable federal law:**

- Compensatory damages in the amount of **$100,000,000** for the injuries sustained as a result of Defendants' unlawful conduct, including but not limited to false arrest, illegal search and seizure, malicious prosecution, conspiracy, and other constitutional violations;
- **Punitive damages** against the individual Defendants **excluding judicial officers**, based on their willful, malicious, and reckless disregard for Plaintiff's federally protected rights;
- **Declaratory and injunctive relief**, including prospective orders to prevent continued constitutional violations; and
- **Such other and further legal and equitable relief** as the Court deems just and proper.

Plaintiff does **not** seek monetary damages against the judicial Defendants. **Hon. Kim Petersen and Hon. Abena Darkeh** are sued solely in their **official capacities** for **prospective injunctive relief,** based on their roles in authorizing or perpetuating unconstitutional actions outside the bounds of absolute judicial immunity.

Plaintiff proceeds under the well-established principle that neither **qualified immunity, absolute immunity**, nor **judicial immunity** shields the misconduct alleged in this Complaint. See *Hope v. Pelzer*, 536 U.S. 730 (2002); *Malley v. Briggs*, 475 U.S. 335 (1986); *Franks v. Delaware*, 438 U.S. 154 (1978) (qualified immunity does not apply to warrant fraud); *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Kalina v. Fletcher*, 522 U.S. 118 (1997) (absolute immunity does not apply to prosecutors performing investigative or administrative tasks); *Forrester v. White*, 484 U.S. 219 (1988); *Bradley v. Fisher*, 80 U.S. 335 (1871); *Pulliam v. Allen*, 466 U.S. 522 (1984) (judicial immunity does not bar injunctive relief); *Dennis v. Sparks*, 449 U.S. 24 (1980) (government actors may be liable for conspiracy).

## STATEMENT OF FACTS

## A. Illegal Warrant Scheme and Judicial Complicity

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff sets forth the following factual allegations regarding judicial complicity, for the purpose of preserving the evidentiary record, establishing the scope of official misconduct, and promoting judicial efficiency.

## B. City of New York and Monell Claim

This action also arises from the **City of New York's deliberate indifference** and systemic failure to adequately **train, supervise, and discipline** its law enforcement personnel—including police officers, detectives, sergeants, and Field Intelligence Officers—whose unconstitutional actions were undertaken under color of law and pursuant to official municipal customs, practices, or policies for which the City is legally responsible.

1. On May 9, 2024, Defendant **Detective Craig McGrath (Shield #26900, Badge #6658)** illegally obtained Kings County Search Warrant No. KSC_545/2024 **(See Exhibit A)** colluding with N.Y.P.D OFFICERS, Judge Kim Petersen of Brooklyn Kings County Supreme Court criminal term , A.D.A Janette Lukowsky and A.D.A Fernando M. Leal OF THE KINGS COUNTY BROOKLYN D.A'S Office to gain A **facially** invalid warrant lacking any **supporting affidavit** or **probable cause. Stating plaintiff had possession of a firearm on or in plaintiff's person and or residence along with other accessories (See Exhibit A), and that plaintiff committed criminal offenses with a firearm.**

2. **Craig McGrath further abused his power under the color of law** in coordination with a known confidential witness **(CW), Ola Pridgen** (a/k/a "Lovey"), who could not have been an intimidated victim, who was acting out of personal animus, jealousy, and malice. Pridgen, far from being a fearful or coerced victim, repeatedly returned to Plaintiff's residence after the alleged incident that lead to plaintiff's arrest on **May 14th 2024** and even after the **May 14, 2024 illegal raid, CW'S** conduct was completely inconsistent with a credible threat allegation. Pridgen is captured in police reports contradictory to allegations and video footage admitting that Plaintiff "did nothing to her." **(See Exhibits S, P)**. These materials further establish the absence of probable cause as **there was never a firearm involved on May 4th 2024** when **CW made false allegations, nor did plaintiff pass a firearm in the hallway.**

3. The illegal search warrant was executed on **May 14, 2024**, resulting in the **unlawful and traumatic raid** on Plaintiff's home at 162 Troy Ave. (Apt.1F) Brooklyn N.Y 11213 and Plaintiff's **charges** were dismissed in **plaintiff's favor** because of **false arrest** and allegations made by **Craig McGrath (See Exhibit B and D)** for **narcotics and weapons possession**—despite **no firearms or narcotics being recovered from the residence on May 14th of 2024. (See Exhibits B, D, V)**. This sequence of misconduct directly triggered **Counts I through VI** of this Complaint and forms a central pillar of the ongoing RICO conspiracy and Monell liability claims alleged herein.

Defendant Craig McGrath's actions were undertaken under color of law and pursuant to the policies, practices, and customs of the New York City Police Department and the City of New York, thereby subjecting the municipality to **Monell liability**; furthermore, McGrath is **not entitled to qualified immunity** as his conduct violated clearly established constitutional rights of Plaintiff Li-Shann Chang under the color of law which a reasonable officer would have known. **This illegal raid directly resulted in plaintiff's false arrest for narcotics charges (dismissed) (See Exhibit B) and criminal contempt charges (dismissed) (See Exhibit X) McGrath caused a cascade of constitutional violations that constitute predicate acts under 18 USC section 1961(1) and support claims under 42 USC section 1983 and 18 USC section 1962.**

**Hope v. Pelzer**, 536 U.S. 730, 741 (2002) (qualified immunity is unavailable where the unlawfulness of the officer's conduct was "readily apparent" and violated clearly established constitutional rights).

4. **During the raid, Plaintiff's minor son, Z.C., 14 years old was handcuffed in his underwear and detained, causing psychological trauma to plaintiff and her child. (See Exhibit E).**
5. **Judge Kim Petersen** knowingly participated in the conspiracy that led to Plaintiff's false arrest and unconstitutional prosecution by **signing Search Warrant No. KSC_545/2024 on May 9, 2024**, despite the complete absence of a supporting affidavit, factual premise, or probable cause. **(See Exhibits A, F&E)**. This judicial approval of a facially defective warrant, issued without conducting even minimal scrutiny, constituted a **judicial ratification of unconstitutional conduct** and materially enabled the unlawful May 14, 2024 raid on Plaintiff's home.

6. Subsequent "discovery" materials—specifically the backdated and fraudulent premise document—were never filed or entered onto any official docket in Plaintiff's dismissed cases or pending criminal case, **Indictment No. 75218-24/001,** currently before Kings County Supreme Court. Instead, these documents were transmitted solely via email to Plaintiff's former counsel, **Jana McNulty,** by the **Kings County District Attorney's Office via Fernando M. Leal and Janette Lukowsky.** Plaintiff retains the original email and metadata, which confirm the materials were fabricated and originated from the DA's office **after** the execution of the unconstitutional search warrant. *(See Exhibits V and W).* **This illegal raid directly resulted in plaintiff's false arrest for narcotics charges (dismissed) (See Exhibit B) and criminal contempt charges (dismissed) (See Exhibit X) Judge Kim Petersen caused a cascade of constitutional violations that constitute predicate acts under 18 USC section 1961(1) and support claims under 42 USC section 1983 and 18 USC section 1962.**

   Plaintiff expressly **reserves her right to pursue civil relief** under *Heck v. Humphrey,* 512 U.S. 477 (1994), pending final resolution of the underlying criminal matter.

7. revealed that **the alleged factual basis for the warrant did not exist at the time of issuance** and was later fabricated by prosecutors A.D.A'S Fernando M. Leal and Janette Lukowsky of the Kings County Brooklyn D.A'S office. and NYPD personnel, including the backdated "premise document" introduced in November 2024. **(See Exhibit V).** Plaintiff asserts that Judge Petersen's signature on this constitutionally void warrant was **not the product of neutral judicial function,** but instead part of a **coordinated scheme involving law enforcement and prosecutorial actors,** in violation of Plaintiff's rights under the **Fourth and Fourteenth Amendments** and in furtherance of a **civil conspiracy and racketeering enterprise** under **Counts 1, 2, 3, 5, and 6 of this Complaint.**

8. **Judge Kim Petersen** is therefore **not entitled to judicial immunity** with respect to Plaintiff's claims for prospective injunctive relief, as her actions were taken in **clear absence of jurisdiction** and in furtherance of a **nonjudicial, administrative function,** as outlined in *Bradley v. Fisher,* 80 U.S. 335 (1871), *Forrester v. White,* 484 U.S. 219 (1988), and *Dennis v. Sparks,* 449 U.S. 24 (1980).

9. On **May 9th 2024** and **November 13, 2024,** approximately six months after the unlawful raid on Plaintiff's residence, **Assistant District Attorneys Fernando M. Leal** and **Janette Lukowsky** fabricated and introduced a **backdated "premise**

**document"** to retroactively justify the **illegal search warrant ( See Exhibit A) and resulting prosecution. (See Exhibits V, W &E)**The fraudulent premise lacked metadata to a verifiable chain of custody from Craig McGrath containing not one signature from F.I.O craig McGrath, a Justice, or court reporter, lacking any legal validity, and the available data failed to attribute its creation or authenticity to May 9, 2024.Proof establishes that it was never part of the original warrant application and was never submitted to Judge Kim Petersen for review or authorization. A valid search warrant must contain a specific and legally sufficient premises description; the absence of this essential element renders the warrant facially invalid and constitutionally defective, amounting to warrant fraud. Its sudden emergence months later confirms that it was illegally manufactured outside the scope of any legitimate judicial or law enforcement function, **and in furtherance of an ongoing civil rights conspiracy and racketeering scheme.** These acts form a direct basis for liability. and are **not protected by absolute immunity,** as the ADAs were acting in an **investigative and administrative capacity (See Exhibit V) when** creating and transmitting the backdated document. Assistant District Attorneys **Fernando M. Leal** and **Janette Lukowsky, and A.D.A Hannah Howard (who is only liable under counts 3,5, and 6)** knowingly relying on that falsified material to sustain a prosecution, violated Plaintiff's constitutional rights under the **Fourth Amendment** (Counts 1 and 2) by facilitating a false arrest and illegal search; the **Fourth and Fourteenth Amendments** (Count 3) by initiating and continuing a malicious prosecution; the **First, Fourth, and Fourteenth Amendments** (Count 5) through their participation in a civil conspiracy and further violated federal law (Count 6) by engaging in a pattern of racketeering activity under **18 U.S.C. § 1962,** forming part of an enterprise acting under color of law.

See *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Kalina v. Fletcher*, 522 U.S. 118 (1997). **This illegal raid directly resulted in plaintiff's false arrest for narcotics charges (dismissed) ( See Exhibit B) and criminal contempt charges (dismissed) ( See Exhibit X) Fernando M. Leal and Janette Lukowsky willfully participated and caused a cascade of constitutional violations that constitute predicate acts under 18 USC section 1961(1) and support claims under 42 USC section 1983 and 18 USC section 1962.**

And **further plaintiff's Monell Claim against The City of NewYork.**

.The screenshot used in the BACKDATED PREMISE was originally from a 2020 Facebook post depicting a toy firearm **( see exhibit C)** and was not texted to **CW.** THE SCREEN SHOT PHOTO WAS SENT VIA **(TEXT NOW)** FROM ANOTHER SOURCE and was weaponized by the **CW** who conspired with Defendant McGrath, other NYPD officers, and pending actors to

fabricate a basis for the warrant and unlawfully arrest Plaintiff. **Plaintiff has two active Orders of Protection against the CW and documented efforts to report her harassment.** Nevertheless, McGrath and his co-defendants leveraged the CW's personal vendetta to gain unauthorized access to Plaintiff's home at **162 Troy Avenue, Apt. 1F**, in clear violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

10. **Jana McNulty's Collusion with Prosecutors and Failure to Advocate**

11. In or around **November 2024,** after Plaintiff filed a formal **Notice of Claim against the City of New York,** Plaintiff informed assigned defense counsel **Jana McNulty,** Esq., via text message of this action. Thereafter, McNulty engaged in a documented pattern of non-responsiveness and failure to act, including **ignoring Plaintiff's repeated written requests for discovery materials** in the pending **indicted case, Indictment No. 75218-24/001,** before **Judge Abena Darkeh** in Kings County Supreme Court. Plaintiff retains **text message and Email records** showing multiple attempts to obtain basic discovery disclosures that went unfulfilled. Plaintiff repeatedly requested that Ms. McNulty file timely motions and was intentionally mislead.

12. On **January 15, 2025,** McNulty forwarded to Plaintiff a copy of a **backdated "premise document"** originating from the Kings County District Attorney's Office, which had **never been filed to the docket or served through official channels.** (See Exhibits **V** and **W.**) The document had been prepared **six months after** the May 14, 2024, illegal raid, and Plaintiff asserts that McNulty's receipt and silent transmission of this document constitutes **actual knowledge of its irregularity.** Despite this, **McNulty filed no motions to suppress, compel, or dismiss,** and did not challenge the apparent fabrication.

13. Furthermore, McNulty **failed to address multiple constitutional defects** visible on the face of the docket, including **missing supporting documentation. Plaintiff reserves the right to pursue a separate legal action for legal malpractice against Jana McNulty and other actors in state court. This complaint does not assert a malpractice claim under state law but includes McNulty's conduct only insofar as it relates to her participation in the broader racketeering enterprise alleged under Count VI (RICO) and Count V (Civil Conspiracy) as well as count 3 (Malicious Prosecution).** By failing to challenge the fabricated evidence, withholding discovery, pressuring Plaintiff into a plea, and aiding in the concealment of prosecutorial misconduct after Plaintiff filed a Notice of Claim against the City in November, **Jana McNulty** violated Plaintiff's rights under the

**Fourth Amendment** (protection against unlawful seizure), the **Fifth and Fourteenth Amendments** (due process and equal protection), and the **Sixth Amendment** (right to effective assistance of counsel). Despite having actual knowledge of backdated and unfiled discovery materials, McNulty took no legal action to protect Plaintiff's rights. Her conduct occurred **after being made aware that Plaintiff had initiated legal action against the City of New York**, and while she was employed by a publicly funded legal defense organization that receives **substantial funding from the City itself**. These facts raise a plausible inference that her **inaction and alignment with prosecutorial interests were influenced by conflicting institutional obligations**, thereby contributing to the broader conspiracy and **RICO** enterprise alleged in this Complaint.

14. **Detective David Gomez and Doe Detective #1 – Improper Warrant Exchange and Obstruction of Justice ( liable under Counts 1,2,3,5 and 6)**

15. On or about **May 14, 2024, Detective David Gomez**, acting under color of law and in coordination with other members of the NYPD, participated in the execution of a search warrant at Plaintiff's residence based on fabricated and misleading information. Gomez directly contributed to the unlawful raid and **Plaintiff's false arrest**, despite the absence of probable cause. His conduct constitutes a **predicate act of obstruction of justice** and supports Plaintiff's claims under **RICO**, 18 U.S.C. §§ 1962(c) and (d). (See **Exhibit K**.)

16. Crucially, **body-worn camera footage** obtained through discovery reveals **Detective Gomez** admitting to a **quid pro quo scheme** in which the warrant was obtained not through lawful investigative channels, but as part of a "favor exchange" between officers. In the recorded exchange with **Doe Detective #1**, Gomez states: (a) Gomez: "we were just talking about that"
(b) Doe Detective#1: "who"
(c) Gomez: "me and the warrant guy"
(d) Doe Detective#1: "what about it"
(e) Gomez: "like oh he gave you a collar (search and seize), you owe him" "nothing's for free you know"
(f) Doe Detective: "that's right"

17. This dialogue, captured on **BWC footage**, strongly implies that the warrant was issued and executed not on legal merit, but as part of an **unauthorized and unethical arrest quota system**. The conversation evidences **willful misconduct**, lack of probable cause, and **collusion within the NYPD**, making both Gomez and Doe #1 liable under **Counts 1–6**, including **false arrest, civil conspiracy, and RICO conspiracy. (See Exhibit K&E.) This illegal raid directly resulted in plaintiff's**

false arrest for narcotics charges (dismissed) ( See Exhibit B) and criminal contempt charges (dismissed) ( See Exhibit X) David Gomez and Doe#1 caused and willfully participated in a cascade of constitutional violations that constitute predicate acts under 18 USC section 1961(1) and support claims under 42 USC section 1983 and 18 USC section 1962.

18. **Detective John Doe #1**, also recorded on the BWC, knowingly affirmed this corrupt exchange. Plaintiff will substitute the officer's name upon identification in **discovery**. This illegal raid directly resulted in plaintiff's false arrest for narcotics charges (dismissed) ( See Exhibit B&E) and criminal contempt charges (dismissed) ( See Exhibit X) David Gomez and Doe#1 caused and willfully participated in a cascade of constitutional violations that constitute predicate acts under 18 USC section 1961(1) and support claims under 42 USC section 1983 and 18 USC section 1962.

19. **Officer Tiffany A. Martinez – False Arrest and Participation in RICO Enterprise**

20. **Officer Tiffany A. Martinez** (Shield #2382), acting under **color of law** and in concert with other NYPD officers, participated in the preparation and execution of a constitutionally defective search warrant that led to the unlawful raid of Plaintiff's residence on **May 14, 2024**. Martinez is identified as the **arresting officer** in official documentation stemming from the raid and was physically present during the execution of the unlawful search. (See **Exhibits D and X.**)

21. Martinez knowingly and willfully relied on **fabricated evidence and a facially invalid warrant**, despite the absence of probable cause. Her actions directly caused Plaintiff's **false arrest**, in violation of Plaintiff's **Fourth and Fourteenth Amendment** rights, and constitute a **predicate act of obstruction of justice** and participation in a broader **pattern of racketeering activity** under **18 U.S.C. §§ 1962(c) and (d).**

22. Pursuant to **Franks v. Delaware**, 438 U.S. 154 (1978), law enforcement officers who knowingly use false or misleading information to justify a search or arrest warrant violate clearly established constitutional law. Furthermore, under **Hope v. Pelzer**, 536 U.S. 730 (2002), and **Groh v. Ramirez**, 540 U.S. 551 (2004), officers are **not entitled to qualified immunity** when executing a warrant so facially lacking in probable cause that any reasonable officer would know it violates the Fourth Amendment.

23. Martinez's conduct also supports municipal liability under **Monell v. Department of Social Services**, 436 U.S. 658 (1978), as her actions were taken pursuant to NYPD customs, policies, and systemic failures, including the toleration of unlawful warrant practices and unconstitutional arrest quotas. Accordingly, Officer Martinez is liable under **Counts 1 (False Arrest), 2 (Illegal Search and Seizure), 3 (Malicious Prosecution), 5 (Civil Conspiracy), and 6 (RICO)** of this Complaint. **This illegal raid directly resulted in plaintiff's false arrest for narcotics charges (dismissed) ( See Exhibit B) and criminal contempt charges (dismissed) ( See Exhibit X) Tiffany Martinez caused and willfully participated in a cascade of constitutional violations that constitute predicate acts under 18 USC section 1961(1) and support claims under 42 USC section 1983 and 18 USC section 1962.**

24.    **Officer Lovepreet Singh – Harassment, Surveillance, and Pretextual Arrest**

25. **Officer Lovepreet Singh** (Badge #9410), acting under color of law, engaged in a pattern of harassment and unconstitutional surveillance of Plaintiff prior to and following the unlawful NYPD raid on May 14, 2024. On or about **May 7, 2024**, Singh was captured on **Plaintiff's Ring camera** (see **Exhibit Q**) taking photographs of Plaintiff's front door—evidence of pre-raid surveillance conducted in furtherance of an unlawful search.

26. Subsequently, on **August 22, 2024**, Singh conducted a **pretextual traffic stop** during which he made sexually inappropriate and harassing remarks to Plaintiff, including, "I watch you every day" and a comment about Plaintiff's makeup appearance. These statements, made in uniform and during an official stop, were perceived as **intimidating, sexually suggestive, and retaliatory**—particularly given Plaintiff's pending legal actions against the City and prior Notice of Claim. Singh arrested Plaintiff based on an **I-card** that originated from a fabricated allegation by CW Ola Pridgen and was assigned to **Detective Cesar Valerio** (Badge #6919), who was not present at the time. As a result, **Detective Dave Williams** (Badge #1784) ultimately entered the arrest charges. (See **Exhibits Q, R.**)

27. Singh's actions violated **Plaintiff's rights under the First, Fourth, and Fourteenth Amendments,** including freedom from retaliation, unreasonable seizure, and due process. His conduct demonstrates intentional participation in the **broader civil rights conspiracy** and RICO enterprise described in this Complaint.

28. Per **Hope v. Pelzer**, 536 U.S. 730 (2002), and **Zalaski v. City of Hartford**, 723 F.3d 382 (2d Cir. 2013), officers are **not entitled to qualified immunity** when their conduct violates clearly established constitutional rights of which a reasonable

officer would have known. Singh's retaliatory and harassing behavior, coupled with his role in effectuating a false arrest, falls squarely within these prohibited actions.

29. Plaintiff incorporates these facts under **Counts 1 (False Arrest), 3 (Malicious Prosecution), 5 (Civil Conspiracy to Violate Civil Rights), 6 (RICO)**, and a **Monell claim** against the City of New York based on the NYPD's failure to supervise and discipline officers who target individuals engaged in protected activity.

30. **Detective Cesar Valerio – Fabrication of I-Card, False Arrest, and Malicious Prosecution**

31. Detective **Cesar Valerio** (Badge #6919), acting under color of law and in furtherance of a racketeering enterprise, initiated **false criminal contempt charges** against Plaintiff by issuing an **I-Card** based on fabricated allegations made by a confidential witness (CW), **Ola Pridgen**, following the **May 14, 2024**, unlawful raid. On or about **August 22, 2024**, Plaintiff was pulled over and arrested during a traffic stop under Docket No. **CR-035519-24KN**, based solely on CW's uncorroborated claim that Plaintiff violated an order of protection. **(See Exhibits P, S, T, X.)**

32. CW Pridgen allegedly used spoofing applications, such as **TextNow**, to fabricate text messages, falsely attributing them to Plaintiff. Despite **multiple requests** by Plaintiff to both Detective Valerio and **Detective Dave Williams** (Badge #1784), who effectuated the arrest in Valerio's absence, to verify metadata or obtain call and text logs, **no investigative effort** was made to authenticate the claims. The arrest proceeded **without probable cause**, and **no digital evidence** was ever produced to justify the I-Card or subsequent prosecution.

33. Plaintiff was held on **non-arrestable and duplicative charges**, as later reflected in the docket, and the case was ultimately **dismissed** in November 2024. **(See Exhibit T.)** These actions form the basis of **Count 1 (False Arrest), Count 3 (Malicious Prosecution), Count 5 (Civil Conspiracy to Violate Civil Rights), and Count 6 (RICO under 18 U.S.C. §§ 1962(c) and (d))**.

34. Detective Valerio's conduct violated **Plaintiff's Fourth and Fourteenth Amendment rights**, including the right to be free from unlawful seizure and deprivation of liberty without due process. Plaintiff invokes preservation under **Heck v. Humphrey**, 512 U.S. 477 (1994), as elements of the contempt case remain **legally intertwined with pending constitutional claims**.

35. Under **Malley v. Briggs**, 475 U.S. 335 (1986), and **Hope v. Pelzer**, 536 U.S. 730 (2002), no reasonable officer could believe it lawful to pursue charges based on knowingly fabricated or unverified claims. Accordingly, **qualified immunity does not apply**. The City of New York is additionally liable under **Monell v. Department of Social Services**, 436 U.S. 658 (1978), for failing to supervise, train, and discipline

officers who abuse investigatory tools like I-Cards and perpetuate unconstitutional practices.

36. **Detective Dave Williams – False Arrest and Execution of Fabricated Charges in Furtherance of Conspiracy**

37. Detective **Dave Williams** (Badge #1784), acting under color of law and in furtherance of a broader racketeering conspiracy, **effectuated Plaintiff's arrest** on **August 22, 2024,** in the absence of Detective Cesar Valerio, based on an **I-Card** issued by Valerio that was itself predicated on false allegations by **Confidential Witness Ola Pridgen. (See Exhibits T, X.)** The arrest resulted in the filing of a criminal contempt case in Kings County Criminal Court under **Docket No. CR-035519-24KN,** which was **fully dismissed** in November 2024 due to lack of evidence, improper charging, and constitutional defects.

38. Detective Williams failed to conduct **any independent verification** of the allegations before executing the arrest, despite the absence of corroborating metadata, phone records, or sworn statements validating the CW's claims. Plaintiff was wrongfully seized, booked, and detained on **non-arrestable charges,** contributing to **Counts 1 (False Arrest), 3 (Malicious Prosecution), 5 (Civil Conspiracy to Violate Civil Rights), and 6 (RICO under 18 U.S.C. §§ 1962(c) and (d)).**

39. This conduct violated Plaintiff's **Fourth and Fourteenth Amendment rights,** including the right to be free from unlawful seizure and the right to due process. Under binding precedent—**Malley v. Briggs,** 475 U.S. 335 (1986); **Groh v. Ramirez,** 540 U.S. 551 (2004); and **Hope v. Pelzer,** 536 U.S. 730 (2002)—**qualified immunity is unavailable** to officers who effectuate arrests without probable cause or in reliance on clearly defective or uncorroborated accusations.

40. Detective Williams' involvement makes him a **necessary party under Fed. R. Civ. P. 19(a),** and his inclusion is proper under **Rule 20(a)(2)** as his actions arise from the same series of events alleged against co-conspirators. The **City of New York** is additionally liable for Williams' conduct under **Monell v. Department of Social Services,** 436 U.S. 658 (1978), due to its failure to adequately train, supervise, or discipline officers executing unconstitutional arrests.

41. **Sergeant Desiste Wegemen – Retaliation, Misrepresentation, and Interference with Misconduct Complaints**

42. On or about **September 19, 2024, Sergeant Desiste Wegemen** (Badge #2332), acting under color of law and in furtherance of a coordinated pattern of retaliation and obstruction, **approached Plaintiff at her residence** at **162 Troy Avenue** and **falsely identified himself as an Internal Affairs Bureau (IAB) investigator.** Wegemen questioned Plaintiff concerning her formal complaints against **Officer**

**Lovepreet Singh,** despite having been **present during the August 22, 2024, arrest** that gave rise to the very misconduct complaints at issue. **(See Exhibit R.)**

43. Plaintiff reasonably perceived this unsolicited encounter as a **deliberate act of intimidation and retaliation,** intended to chill her exercise of First Amendment-protected activity—specifically, her right to file official complaints against NYPD officers. Sergeant Wegemen's conduct reflects an **unlawful attempt to interfere with an active misconduct investigation** and presents a **clear conflict of interest** as a named participant in the events that led to Plaintiff's harassment.

44. These actions violated Plaintiff's rights under the **First, Fourth, and Fourteenth Amendments,** giving rise to **Count 3 (Malicious Prosecution), Count 5 (Civil Conspiracy to Violate Civil Rights), Count 6 (RICO), and Count 7 (Racial Discrimination).** Qualified immunity is not available under **Hope v. Pelzer,** 536 U.S. 730 (2002), and **Crawford-El v. Britton,** 523 U.S. 574 (1998), where an officer acts with retaliatory motive to suppress constitutionally protected speech. His conduct also further implicates **Monell liability** against the **City of New York,** whose policies and lack of oversight enabled systemic misconduct and retaliation by supervisory staff.

45.     **Participation of NYPD Officers and Sergeant in Unlawful Raid Based on Fabricated Evidence**

46. On **May 14, 2024, Officer Christian A. Lopez (Badge #7619), Sergeant Umar Khitab (Badge #3527), Officer Marko Sikiric (Badge #4016), Detective Shane Jacobs (Badge #3867), Officer Stephanie Mendozablom (Badge #14983), Officer Joseph Bisogno (Badge #13655),** and **Officer Brandon A. Villabedoya (Badge #29601)** all **participated in the execution of an unlawful raid** at Plaintiff's residence based on a **facially invalid search warrant.** These officers are alleged to have **knowingly relied on fabricated and backdated evidence** in executing the warrant, contributing directly to Plaintiff's **false arrest, unlawful detention,** and the **violation of her constitutional rights. (See Exhibits A, B, E, K, X and V.)**

47. Each of these officers, acting under color of law, failed to conduct any independent verification of the warrant's basis or authenticity, despite clear irregularities. Their participation furthered the ongoing **racketeering enterprise** and pattern of constitutional violations addressed throughout this Complaint, including those under **Counts 1 (False Arrest), 2 (Illegal Search and Seizure), 3 (Malicious Prosecution), 5 (Civil Conspiracy),** and **6 (RICO).**

48. These Defendants are not entitled to **qualified immunity,** as it was clearly established at the time that law enforcement officers may not **execute or enforce facially deficient warrants obtained through fraud or material omissions.** See **Groh v. Ramirez,** 540 U.S. 551, 563 (2004) (officers executing plainly invalid warrant

not entitled to qualified immunity); **Franks v. Delaware,** 438 U.S. 154 (1978) (material false statements or omissions invalidate a warrant); and **Malley v. Briggs,** 475 U.S. 335 (1986) (officers liable under §1983 when they unreasonably rely on defective warrants).

49. Additionally, these actions support **Monell liability** against the **City of New York** for systemic failures in supervision, training, and oversight that allowed these unconstitutional practices to occur without accountability.

## 50. Judicial Complicity of Judge Abena Darkeh in Ongoing Constitutional Violations

51. Hon. Abena Darkeh, presiding over **Indictment No. 75218-24/001** in Kings County Supreme Court, engaged in conduct outside the scope of judicial immunity by knowingly enabling and perpetuating a pattern of constitutional violations tied to falsified warrant materials, unlawful prosecutorial tactics, and denial of Plaintiff's right to self-representation.

52. On or about **May 15, 2025,** during Plaintiff's court appearance in connection with the above-captioned indictment, Plaintiff lawfully discharged court-appointed counsel from Brooklyn Defender Services (BDS) on the record and invoked the right to self-representation under *Faretta v. California,* 422 U.S. 806 (1975). Rather than immediately holding a *Faretta* hearing as constitutionally required, Judge Darkeh **delayed the hearing until July 15, 2025,** and in the interim **ordered BDS to continue representing Plaintiff against Plaintiff's express will.** This coercive action violated Plaintiff's Sixth Amendment rights and constituted **non-judicial administrative conduct** outside the protections of judicial immunity.

53. Judge Darkeh further violated Plaintiff's due process rights under the Fourteenth Amendment by **allowing the People to file multiple Certificates of Compliance (COCs)** with no explanation, and by **permitting the docket to reflect a non-existent or facially fraudulent Statement of Readiness (SOR)**. Despite actual knowledge of these procedural defects and the fabricated warrant materials prepared and submitted by ADAs Fernando Leal and Janette Lukowsky **(see Exhibits G, V, Y, Z)**, Judge Darkeh allowed the case to proceed into pretrial and trial stages without judicial correction or evidentiary inquiry.

54. Plaintiff raised these due process violations and Brady violations directly during proceedings beginning on **May 20th of 2025,** and submitted a formal **motion for recusal** based on judicial bias and complicity in the use of fabricated evidence **(see Exhibit Z)**. Judge Darkeh **refused to address these claims on the record,** and allowed backdated, falsified documents to remain in the case file uncorrected, despite their material impact on Plaintiff's liberty and procedural posture.

55. Such actions fall squarely within the framework of **non-adjudicative, conspiratorial, and administrative misconduct** that are **not protected by judicial immunity** under *Forrester v. White*, 484 U.S. 219 (1988), and *Mireles v. Waco*, 502 U.S. 9, 11 (1991). These acts reflect an active role in facilitating and covering up a broader pattern of civil rights violations, rather than neutrally adjudicating a case.

56. Plaintiff does **not** seek monetary damages against Judge Darkeh at this time but brings claims **solely in her official capacity** for purposes of injunctive relief, and to preserve the judicial record of constitutional violations. These facts support Plaintiff's claims under **Count 3 (Malicious Prosecution), Count 5 (Civil Conspiracy to Violate Civil Rights)**, and **Count 6 (RICO)**.

57. Because **Indictment No. 75218-24/001 remains pending**, Plaintiff expressly preserves all rights under *Heck v. Humphrey*, 512 U.S. 477 (1994), and does not seek to invalidate or recover damages for any conviction itself at this stage. Instead, these facts are presented to demonstrate Judge Darkeh's role as a knowing participant in a **coordinated pattern of misconduct** involving NYPD officers, ADAs, and the judiciary — collectively forming a **racketeering enterprise** under 18 U.S.C. §§ 1962(c)–(d).

58. **CW Ola Pridgen**, known to the NYPD as an unreliable informant, repeatedly violated stay-away orders by returning to Plaintiff's home and was captured on video admitting that Plaintiff "did nothing to her." **(Exhibits P, S). ( note CW is not a defendant)**

59.       **Lieutenant Cynthia Acerra and FOIL Misconduct Under Color of Law**

60. Lieutenant **Cynthia Acerra**, acting as the **FOIL Director** within the NYPD's Legal Bureau, is alleged to have **knowingly ratified a racially discriminatory and procedurally improper denial** of Plaintiff's Freedom of Information Law (FOIL) request related to internal NYPD misconduct and the unlawful raid conducted on May 14, 2024. (See **Exhibit U**).

61. Despite Plaintiff's lawful FOIL submission seeking documents that would expose material constitutional violations, the NYPD's response—overseen and signed off under Acerra's command—contained an offensive and xenophobic internal remark from a NYPD Records Access Officer (Doe #2), referring to the plaintiff's request as being assigned to **"none Korotón (none) of this office"** Rather than investigate or remediate this discriminatory incident, **Lt. Acerra ratified the denial** and failed to correct or report the racially derogatory language and obstruction of lawful access to public records.

62. Plaintiff asserts that Lt. Acerra's conduct constitutes **deliberate indifference and supervisory liability under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)**, and supports **Count 5 (Civil Conspiracy to Violate Civil Rights)** and **Count 6 & 7**

**(Racial Discrimination)** of this Complaint. Her ratification of discriminatory actions under color of state law also deprives her of qualified immunity. See *Hope v. Pelzer*, 536 U.S. 730, 741 (2002) (clearly established rights must be enforced where officials act with deliberate disregard).

63. Plaintiff alleges that this obstruction was not an isolated incident but part of a broader **pattern of misconduct and retaliation** in furtherance of a civil rights conspiracy to conceal evidence of NYPD wrongdoing and silence Plaintiff's protected activity.

64.  **John Doe #2 (R.A.O.) – Racially Discriminatory FOIL Response**

65. **John Doe #2,** an unidentified **Records Access Officer (R.A.O.)** within the NYPD's Legal Bureau, is alleged to have authored or approved the **racially derogatory remark "none Korotón (none) of this office"** in response to Plaintiff's lawful FOIL request seeking internal records related to the August 22nd 2024 traffic stop for BWC footage of officer Lovepreet Singh. This offensive phrase appeared in the body of the FOIL response issued to Plaintiff on January 15th of 2025 and forms the basis of Plaintiff's claim for **racial discrimination** under **Count 7** and conspiracy under **Count 5 and 6.** (See **Exhibit U**).

66. Plaintiff contends that the term **"none Korotón"** constitutes a **xenophobic or racially motivated slur,** indicative of discriminatory animus in violation of Plaintiff's rights under the **Equal Protection Clause of the Fourteenth Amendment** and **New York State Human Rights Law.**

67. John Doe #2 acted **under color of state law** and in a **non-discretionary administrative capacity,** removing any potential claim of qualified immunity. See *Demoret v. Zegarelli,* 451 F.3d 140, 149 (2d Cir. 2006) (government officials may be held liable where conduct is motivated by discriminatory intent). The refusal to provide public records based on racial bias also constitutes an **unconstitutional condition** on Plaintiff's access to government services and information.

68. Plaintiff reserves the right to amend this Complaint under **Fed. R. Civ. P. 15 and 20** to substitute the true name of **John Doe #2** once identified through **discovery.**

69.  **Assistant District Attorney Hannah Howard – Ongoing Prosecution with Knowledge of Fabricated Evidence**

70. **Assistant District Attorney Hannah Howard,** newly discovered and currently assigned to **Indictment No. 75218-24/001,** has continued to manage and advance the prosecution against Plaintiff despite actual and constructive notice that the case is predicated on **fabricated, backdated, and constitutionally defective evidence.** (See **Exhibit G**).

71. ADA Howard assumed responsibility for the case after the fraudulent discovery had already been introduced by prior ADAs **(Fernando Leal and Janette Lukowsky),**

**including the backdated "premise document" and other tainted materials.**
Despite being alerted through court filings, evidentiary exhibits, and direct communications—including motions by Plaintiff outlining the constitutional defects and discovery fraud—Howard has declined to dismiss the indictment or remedy the due process violations.

72. Her continued pursuit of the prosecution **violates Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments,** including but not limited to:

73. **Due Process** (knowingly using tainted or falsified evidence),

74. **Equal Protection** (continuing a discriminatory prosecution), and

75. **Unlawful Seizure** (maintaining a prosecution without probable cause).

76. Because ADA Howard's conduct involves **administrative, investigatory, and non-advocative functions** rather than protected prosecutorial discretion, she **is not entitled to absolute immunity** under *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993), and *Van de Kamp v. Goldstein*, 555 U.S. 335 (2009). Instead, her role in perpetuating a known constitutional violation supports **Monell liability** against the City of New York and forms part of the broader **civil conspiracy** and **RICO enterprise** alleged in **Counts 3, 5, and 6** of this Complaint.

77. Plaintiff preserves all rights under **Heck v. Humphrey,** 512 U.S. 477 (1994), as the prosecution in **Indictment No. 75218-24/001** remains **pending,** and the outcome may bear on the final disposition of related civil claims.

78.     **Detective Melvin Cordero – First Predicate Act under RICO (2018 Narcotics Case)**

79. **Detective Melvin Cordero** was the arresting officer in **Plaintiff's 2018 narcotics case,** docketed under **CR-038871-18KN**, which was ultimately **adjourned in contemplation of dismissal (ACD)** and later **dismissed and sealed** on **September 30, 2019.** (See **Exhibit H**), and is the first predicate act, of R.I.C.O incorporated herein. Further showing a pattern of on going malicious intent to plaintiff at her residence.

80. Although the underlying claims arising from this incident are **outside the statute of limitations** for purposes of an independent §1983 cause of action, this incident is included **solely as a predicate act** under **18 U.S.C. § 1961(5)** to support Plaintiff's **RICO claims (Count 6).** Detective Cordero's actions formed part of a continuing pattern of unconstitutional misconduct, including false arrest and fabrication of evidence, that aligns with the same modus operandi seen in Plaintiff's subsequent cases involving other NYPD officers.

81. Cordero's conduct is relevant in demonstrating a **pattern of racketeering activity** by NYPD personnel acting under **color of law,** contributing to an enterprise designed to manufacture arrests and prosecutions through unlawful means. His

involvement reflects the **institutional tolerance** of such practices within the NYPD and supports the **Monell liability** claims asserted against the **City of New York**.

82. This predicate act, in conjunction with later misconduct by additional officers named in this Complaint, satisfies the continuity and relatedness elements necessary under **18 U.S.C. §§ 1962(c) and (d)** and is incorporated to establish the **first predicate offense** in support of Plaintiff's **R.I.C.O** claims. **Count 6.**

83. Plaintiff's loss of business projected future earnings resulting from this constitutional misconduct is supported by her Articles of Organization for her registered business. (**Exhibit O**).

## Injuries and Damages

As a direct and proximate result of the unlawful acts committed by each Defendant named herein—acting individually and in concert—Plaintiff suffered significant personal, emotional, financial, and psychological harm. Each Defendant's specific actions, as set forth in the foregoing paragraphs, caused the following injuries to Plaintiff:

1. **Loss of liberty and false imprisonment**, stemming from multiple unlawful arrests and prosecutions based on fabricated, unsupported, or retaliatory charges;
2. **Severe emotional distress,** trauma, and humiliation, including but not limited to anxiety, panic attacks, sleep disruption, and ongoing fear of law enforcement retaliation;
3. **Damage to Plaintiff's reputation**, character, and standing in the community, including being falsely labeled and treated as a criminal;
4. **Psychological harm and mental anguish**, exacerbated by the presence of Plaintiff's minor child during the unconstitutional raid **(See Exhibit E)** and the resulting fear and instability within Plaintiff's family; plaintiff has to take medication to cope with everyday life, and lives in fear.
5. **Disruption of family life**, including long-term emotional trauma inflicted on Plaintiff's minor son, who witnessed and was subjected to the raid and arrest of his parent;
6. **Financial losses**, including legal expenses, missed work opportunities, and the burden of defending against malicious prosecutions; including filing fees.
7. **Obstruction of Plaintiff's access to evidence and public records**, which delayed or denied Plaintiff's ability to defend herself and seek redress, and caused further mental and procedural hardship;

8. **Deprivation of constitutional rights,** including Plaintiff's rights under the First, Fourth, Fifth, and Fourteenth Amendments.

Each Defendant is liable for the injuries they individually and affirmatively caused through their unlawful conduct, as described in the preceding factual allegations.

### Plaintiff's Fourth Amended Complaint incorporates all of the above factual allegations under Counts I–VII, supported by the exhibits identified and integrated herein.
### DEFENDANTS SPECIFIC LIABILITY BY COUNTS 1-7:

For ease of reference and judicial economy, Plaintiff has clearly identified within the factual section which Defendants are responsible for which Counts. The factual allegations are incorporated by reference into each cause of action. Plaintiff respectfully submits that each Count sufficiently alleges a plausible claim for relief under Rule 8(a) and withstands dismissal under Rule 12(b)(6).

### CAUSES OF ACTION

Plaintiff Li-Shann Chang asserts the following causes of action against the named Defendants in their official and/or individual capacities, pursuant to 42 U.S.C. §§ 1983, 1985, 1988; 18 U.S.C. §§ 1962(c), (d); and related constitutional provisions, as detailed below:

### COUNT I – FALSE ARREST (42 U.S.C. § 1983, FOURTH AMENDMENT)

Against: Craig McGrath, Tiffany Martinez, David Gomez, Doe Detective #1, Christian Lopez, Stephanie Mendozablom, Joseph Bisogno, Brandon A. Villabedoya, Marko Sikiric, Shane Jacobs, Umar Khitab, Lovepreet Singh, Cesar Valerio, Dave Williams, Sergeant Desiste Wegemen, Detective Melvin Cordero (predicate only), Officer Christian A. Lopez, Officer Marko Sikiric, Officer Brandon A. Villabedoya, Officer Shane Jacobs, Officer Stephanie Mendozablom, Officer Joseph Bisogno, Sergeant Umar Khitab, **Hon. Kim Petersen (official capacity), ADA Fernando Leal, ADA Janette Lukowsky.**

**The City of New York is liable under Monell v. Department of Social Services, 436 U.S. 658 (1978), for the constitutional violations set forth in this Count.** Plaintiff alleges that the misconduct committed by municipal employees—including but not limited to NYPD officers, Assistant District Attorneys, and other City agents—was carried out pursuant to policies, customs, and practices officially tolerated and ratified by the City. These include a deliberate indifference to constitutional safeguards, a systemic failure to train and supervise employees in areas such as warrant execution, arrest procedures, prosecutorial conduct, and evidence disclosure, as well as the failure to discipline employees engaged in known patterns of misconduct. The actions giving rise to this Count were taken under color of law and within the scope of employment, and the City's inaction and institutional failures were a moving force behind the violations of Plaintiff's rights.

Plaintiff realleges and incorporates all prior paragraphs.

**A. False Arrest – Narcotics Possession Charge:** CR-019890-24KN
On or about May 14, 2024, Plaintiff was unlawfully arrested by NYPD officers, including Defendant Craig McGrath, pursuant to a facially invalid and unconstitutional search warrant. No probable cause existed to support the arrest or charges for criminal possession of a controlled substance. The narcotics charges were ultimately **dismissed in Plaintiff's favor,** and no probable cause was ever presented. This seizure violated Plaintiff's rights under the Fourth and Fourteenth Amendments.

**B. False Arrest – Criminal Contempt Charge: CR-035519-24KN**
Subsequently, Plaintiff was falsely arrested again on charges of criminal contempt, which stemmed from the same defective search and seizure. These charges were also **dismissed in Plaintiff's favor,** and there was no independent basis for arrest. This second unlawful seizure compounded Plaintiff's injury and further violated the Fourth and Fourteenth Amendments.

As a direct and proximate result of Defendants' actions, Plaintiff suffered unlawful detention, emotional distress, reputational harm, and other damages.


**COUNT II – ILLEGAL SEARCH AND SEIZURE (42 U.S.C. § 1983, FOURTH AMENDMENT)**

Against: Craig McGrath, Tiffany Martinez, David Gomez, Doe Detective #1, Christian Lopez, Stephanie Mendozablom, Joseph Bisogno, Brandon A. Villabedoya, Marko Sikiric, Shane Jacobs, Umar Khitab, Lovepreet Singh, Detective Melvin Cordero (predicate only), Officer Christian A. Lopez, Officer Marko Sikiric, Officer Brandon A. Villabedoya, Officer Shane

Jacobs, Officer Stephanie Mendozablom, Officer Joseph Bisogno, Sergeant Umar Khitab, **Hon. Kim Petersen (official capacity), ADA Fernando Leal, ADA Janette Lukowsky.**

**The City of New York is liable under Monell v. Department of Social Services, 436 U.S. 658 (1978), for the constitutional violations set forth in this Count.** Plaintiff alleges that the misconduct committed by municipal employees—including but not limited to NYPD officers, Assistant District Attorneys, and other City agents—was carried out pursuant to policies, customs, and practices officially tolerated and ratified by the City. These include a deliberate indifference to constitutional safeguards, a systemic failure to train and supervise employees in areas such as warrant execution, arrest procedures, prosecutorial conduct, and evidence disclosure, as well as the failure to discipline employees engaged in known patterns of misconduct. The actions giving rise to this Count were taken under color of law and within the scope of employment, and the City's inaction and institutional failures were a moving force behind the violations of Plaintiff's rights.

## COUNT III – MALICIOUS PROSECUTION (42 U.S.C. § 1983, FOURTH AND FOURTEENTH AMENDMENTS)

Against: Craig McGrath, Tiffany Martinez, David Gomez, Doe Detective #1, Christian Lopez, Stephanie Mendozablom, Joseph Bisogno, Brandon A. Villabedoya, Marko Sikiric, Shane Jacobs, Umar Khitab, Lovepreet Singh, Cesar Valerio, Dave Williams, Detective Melvin Cordero (predicate only), Officer Christian A. Lopez, Officer Marko Sikiric, Officer Brandon A. Villabedoya, Officer Shane Jacobs, Officer Stephanie Mendozablom, Officer Joseph Bisogno, Sergeant Umar Khitab, Jana, M, McNulty, **Hon. Kim Petersen (official capacity), ADA Fernando Leal, ADA Janette Lukowsky. ADA Hannah Howard, Hon. Abena Darkeh (official capacity), Hon. Kim Petersen (official capacity),**

**Malicious Prosecution by Defense Counsel Acting in Concert with State Actors**
Plaintiff further alleges that court-appointed defense attorney **Jana McNulty,** acting under color of state law by virtue of her appointment and through willful collusion with state prosecutors and law enforcement, furthered and sustained the malicious prosecution of Plaintiff. McNulty knowingly refused to present exculpatory evidence, failed to challenge the illegal warrant and fabricated charges, and actively obstructed Plaintiff's defense despite her duty of loyalty.

Through this conduct, McNulty acted in concert with Defendants **Leal, Lukowsky, McGrath, and Gomez,** among others, thereby becoming a joint participant in the malicious prosecution scheme. Plaintiff asserts that McNulty's actions were not mere negligence but formed part of a coordinated pattern of deliberate indifference and

conspiracy, actionable under 42 U.S.C. § 1983 and as a predicate act under 18 U.S.C. § 1962(c).

**The City of New York is liable under Monell v. Department of Social Services, 436 U.S. 658 (1978), for the constitutional violations set forth in this Count.** Plaintiff alleges that the misconduct committed by municipal employees—including but not limited to NYPD officers, Assistant District Attorneys, and other City agents—was carried out pursuant to policies, customs, and practices officially tolerated and ratified by the City. These include a deliberate indifference to constitutional safeguards, a systemic failure to train and supervise employees in areas such as warrant execution, arrest procedures, prosecutorial conduct, and evidence disclosure, as well as the failure to discipline employees engaged in known patterns of misconduct. The actions giving rise to this Count were taken under color of law and within the scope of employment, and the City's inaction and institutional failures were a moving force behind the violations of Plaintiff's rights.

### COUNT IV – MONELL CLAIM (42 U.S.C. § 1983, MUNICIPAL LIABILITY)

Against: City of New York

**The City of New York is liable under Monell v. Department of Social Services, 436 U.S. 658 (1978), for maintaining policies, customs, and practices that were the moving force behind the constitutional violations set forth in this Count and throughout this Complaint.** These include—but are not limited to—**warrant fabrication, prosecutorial misconduct, suppression of exculpatory evidence, FOIL obstruction, retaliation, and systemic abuse** by NYPD officers, Assistant District Attorneys, and other municipal agents.

Plaintiff made repeated efforts to **report the misconduct of City employees** to multiple City agencies and oversight bodies, including NYPD Internal Affairs, the Comptroller's Office, seeking accountability and protection of her rights. Despite these efforts, **no action was taken,** and Plaintiff's complaints were either dismissed, ignored, or deliberately obstructed.

This widespread failure to respond or intervene demonstrates the City's **deliberate indifference to constitutional violations** and its **ratification of a culture of impunity.** The City failed to adequately train, supervise, or discipline its employees in critical areas such as warrant execution, arrest procedures, prosecutorial ethics, Brady compliance, and public records transparency.

The City's refusal to correct known misconduct or respond to credible complaints enabled the continuation of unconstitutional behavior and directly contributed to the harm suffered by Plaintiff. These failures, omissions, and institutional protections for abusive practices make the City of New York liable for the acts and omissions of its employees under 42 U.S.C. § 1983.

### COUNT V – CIVIL CONSPIRACY TO VIOLATE CIVIL RIGHTS (42 U.S.C. § 1985)

- Against: Craig McGrath, David Gomez, Doe Detective #1, Tiffany Martinez, Cesar Valerio, Dave Williams, **ADA Fernando Leal, ADA Janette Lukowsky, ADA Hannah Howard, Hon. Abena Darkeh (official capacity), Hon. Kim Petersen (official capacity),**
- Jana McNulty (*Tower v. Glover*, 467 U.S. 914 (1984) – public defenders may be liable under § 1983 if they conspire with state actors
- *Dennis v. Sparks*, 449 U.S. 24 (1980) – private parties (including lawyers) who conspire with judges or officials can be sued under § 1983)

  Sergeant Desiste Wegemen, Cynthia Acerra, Doe RAO #2, Lovepreet Singh, Officer Christian A. Lopez, Officer Marko Sikiric, Officer Brandon A. Villabedoya, Officer Joseph Bisogno, Officer Shane Jacobs, Officer Stephanie Mendozablom, Sergeant Umar Khitab, Officer Brandon Villabedoya, Detective Shane Jacobs.

**The City of New York is liable under Monell v. Department of Social Services, 436 U.S. 658 (1978), for the constitutional violations set forth in this Count.** Plaintiff alleges that the misconduct committed by municipal employees—including but not limited to NYPD officers, Assistant District Attorneys, and other City agents—was carried out pursuant to policies, customs, and practices officially tolerated and ratified by the City. These include a deliberate indifference to constitutional safeguards, a systemic failure to train and supervise employees in areas such as warrant execution, arrest procedures, prosecutorial

conduct, and evidence disclosure, as well as the failure to discipline employees engaged in known patterns of misconduct. The actions giving rise to this Count were taken under color of law and within the scope of employment, and the City's inaction and institutional failures were a moving force behind the violations of Plaintiff's rights.

**COUNT VI – RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO) (18 U.S.C. §§ 1962(c), (d))**

Against: Craig McGrath, David Gomez, Doe Detective #1, Tiffany Martinez, Cesar Valerio, Dave Williams, **ADA Fernando Leal, ADA Janette Lukowsky, ADA Hannah Howard, Jana McNulty, Hon. Abena Darkeh (official capacity), Hon. Kim Petersen (official capacity)**, Officer Christian Lopez, Officer Stephanie Mendozablom, Officer Joseph Bisogno, Officer Brandon A. Villabedoya, Officer Marko Sikiric, Detective Shane Jacobs, Sergeant Umar Khitab, Detective Melvin Cordero (predicate only), Sergeant Desiste Wegemen, Lovepreet Singh, Cynthia Acerra, Doe RAO #2.

## The RICO Enterprise

Plaintiff alleges the existence of an **association-in-fact enterprise** within the meaning of 18 U.S.C. § 1961(4), consisting of law enforcement officers, prosecutors, judicial officers, public defenders, and administrative personnel who acted in concert under color of state law to violate Plaintiff's constitutional rights and obstruct justice. The members of this unlawful enterprise included:

- **NYPD detectives and officers,** including Craig McGrath, David Gomez, Tiffany Martinez, and others, who manufactured false evidence, executed illegal warrants, and effected unconstitutional arrests.
- **Assistant District Attorneys** Fernando Leal, Janette Lukowsky, and Hannah Howard, who created and sustained prosecutions based on fabricated documents and concealed exculpatory material.
- **Judicial officers** Kim Petersen and Abena Darkeh, who ratified and perpetuated unconstitutional actions while abandoning judicial neutrality.
- **Court-appointed defense counsel** Jana McNulty, who colluded with prosecutors post-Notice of Claim by withholding discovery and obstructing Plaintiff's defense.
- **NYPD Legal Bureau personnel,** including Lieutenant Cynthia Acerra and Doe RAO #2, who obstructed Plaintiff's FOIL access and ratified racially discriminatory responses.

- **Confidential Witness ("CW") Ola Pridgen,** who acted as an informant and provocateur on behalf of the NYPD despite an active stay-away order. (Not named as a defendant.)

This enterprise functioned as a continuing unit with a shared purpose: to **cover up official misconduct, retaliate against Plaintiff's protected activity,** and **preserve institutional credibility** through coordinated unlawful acts that extended across municipal departments.

## B. Structure of the Enterprise

The enterprise was structured both **horizontally** and **vertically:**

- Horizontally: Across police officers, detectives, and Legal Bureau staff who collaborated in arrests, fabricated discovery, and obstructed record access.
- Vertically: Prosecutors coordinated with judges and defense counsel to facilitate and sustain wrongful prosecutions and suppress evidence.

Each actor knowingly performed distinct functions to advance the enterprise's shared objective: to neutralize, punish, and silence Plaintiff's attempts to expose corruption and pursue redress.

## C. Pattern of Racketeering Activity

Pursuant to 18 U.S.C. § 1961(1), Plaintiff alleges at least **two related predicate acts** of racketeering activity within a ten-year span, including:

1. **Warrant fraud and false arrest** (May 2024 – McGrath, Gomez, Petersen).
2. **Malicious prosecution** (2024–2025 – Leal, Lukowsky, Martinez, Gomez, McNulty, Petersen, Darkeh, Howard).
3. **Discovery tampering and backdated documents** (November 2024 – Leal, Lukowsky, McNulty).
4. **FOIL obstruction and racial discrimination** (January 2025 – Acerra, Doe RAO #2).
5. **Retaliatory stop, harassment, and false arrest** (August 2024 – Singh, Valerio, Williams).

6. **Fabrication of contempt charges using spoofed texts** (August 2024 – Valerio, Williams).
7. **Intimidation by a supervising officer during misconduct inquiry** (September 2024 – Wegemen).
8. **Prior predicate act (2018 narcotics arrest by Detective Melvin Cordero),** under Docket No. CR-038871-18KN, which was dismissed and sealed (See Exhibit H). Included solely to satisfy continuity and pattern under § 1961(5).

These acts are **related and continuous,** constitute a **pattern of racketeering activity,** and occurred **through the enterprise** affecting Plaintiff across a multi-year period.

See *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239–40 (1989).

## D. Impact on Interstate Commerce

The enterprise's activities affected interstate commerce as required by 18 U.S.C. § 1962(c), through:

- The use of **email servers, mobile networks, and social media platforms** across state lines to fabricate or conceal evidence (e.g., Exhibit V, Facebook photo Exhibit C, TextNow messages).
- The involvement of **Brooklyn Defender Services,** a non-profit receiving city funding, and the use of government facilities funded through interstate programs.
- Jana McNulty
  (*Tower v. Glover*, 467 U.S. 914 (1984) – public defenders may be liable under § 1983 if they conspire with state actors
  *Dennis v. Sparks*, 449 U.S. 24 (1980) – private parties (including lawyers) who conspire with judges or officials can be sued under § 1983)

- Interference with Plaintiff's **business operations,** including her state-registered entity with potential interstate commerce reach (Exhibit O).
- Electronic communications with NYPD Legal Bureau and Kings County DA's Office, implicating use of **interstate wires**.

See *United States v. Robertson*, 514 U.S. 669 (1995); *United States v. Lopez*, 514 U.S. 549 (1995).

## E. Conspiracy – 18 U.S.C. § 1962(d)

All named defendants willfully **conspired to violate 18 U.S.C. § 1962(c)** by agreeing to commit, or aiding and abetting, the commission of two or more predicate acts in furtherance of the enterprise's objectives. Each defendant knowingly participated in the affairs of the enterprise either directly or indirectly and acted with intent to further its unlawful purposes.

It is not necessary that every defendant personally commit a predicate act; knowledge and agreement to the enterprise's objective is sufficient. See *Salinas v. United States*, 522 U.S. 52, 65 (1997).

## F. Damages and Relief

As a direct and proximate result of the RICO violations, Plaintiff has suffered:

- Loss of liberty due to false arrest and malicious prosecution.
- Emotional distress and psychological injury, including trauma to Plaintiff and her minor son.
- Loss of prospective earnings.
- Interference with Plaintiff's constitutional rights and civil litigation.
- Reputational harm and retaliation for protected activity.

Plaintiff seeks **treble damages** under 18 U.S.C. § 1964(c), **costs and filing fees, injunctive relief,** and any other relief the Court deems just and proper.

### Predicate Act #1 – 2018 Fabricated warrant and False Arrest by Detective Melvin Cordero

In 2018, Plaintiff was falsely charged by **Brooklyn North Narcotic's** Detective Melvin Cordero (Badge#954) for alleged narcotics possession with intent to sell under Docket No. **CR-038871-18KN.** The arrest lacked probable cause, and no credible evidence existed to support the charges. The case was later resolved by Adjournment in Contemplation of Dismissal (ACD) and subsequently sealed (See **EXHIBIT H).** This constitutes **malicious**

**prosecution and false arrest under color of law** and is a second predicate act under 18 U.S.C. § 1961(1).

- In 2018, Plaintiff was falsely charged under Docket No. **CR-038871-18KN.**
- Plaintiff's daughter witnessed Cordero plant the narcotics, later identifying him in a **double-blind photo lineup** with internal affairs.

  Charges were **dismissed.**

- The recurrence of constitutional violations by multiple officers, the use of a fabricated warrant premise without internal review, and the absence of corrective action by NYPD leadership constitute compelling evidence that the City of New York maintained a policy, practice, or custom of deliberate indifference to unconstitutional conduct by its officers, thereby further proving Plaintiff's Monell claims under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

**The City of New York is liable under Monell v. Department of Social Services, 436 U.S. 658 (1978), for the constitutional violations set forth in this Count.** Plaintiff alleges that the misconduct committed by municipal employees—including but not limited to NYPD officers, Assistant District Attorneys, and other City agents—was carried out pursuant to policies, customs, and practices officially tolerated and ratified by the City. These include a deliberate indifference to constitutional safeguards, a systemic failure to train and supervise employees in areas such as warrant execution, arrest procedures, prosecutorial conduct, and evidence disclosure, as well as the failure to discipline employees engaged in known patterns of misconduct. The actions giving rise to this Count were taken under color of law and within the scope of employment, and the City's inaction and institutional failures were a moving force behind the violations of Plaintiff's rights.

**COUNT VII – RACIAL DISCRIMINATION (EQUAL PROTECTION CLAUSE, 42 U.S.C. § 1983)**

**(Equal Protection Clause, 42 U.S.C. § 1983)**

**Against:** Lieutenant Cynthia Acerra, Doe RAO #2, and the City of New York.

On or about January 15, 2025, Plaintiff was denied access to lawfully requested FOIL materials and subjected to racially discriminatory treatment in violation of the Equal Protection Clause of the Fourteenth Amendment. In the body of the FOIL response, authored or approved by Defendant Doe RAO #2 and ratified by Lieutenant Cynthia Acerra,

Plaintiff was referred to using the term **"none Korotón",** a phrase which carries racially derogatory or xenophobic connotations.

This language was **not part of any official FOIL response template**, nor was it consistent with the language customarily used in denying FOIL requests. Its inclusion reflects a **departure from standard practice**, indicative of **discriminatory animus specifically targeting the Plaintiff** based on her perceived race, ethnicity, or national origin.

Rather than investigate or correct this improper and offensive language, Lieutenant Acerra knowingly ratified the response by allowing it to stand as the NYPD Legal Bureau's official reply. This failure to intervene, discipline, or remediate the conduct constitutes deliberate indifference and supervisory liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

This racially motivated FOIL obstruction, taken under color of state law, deprived Plaintiff of equal protection, access to public records, and her right to petition the government free from discriminatory treatment. Plaintiff further alleges that this conduct was part of a broader retaliatory and conspiratorial effort to conceal police misconduct and target Plaintiff for her protected activity.

**The City of New York is liable under Monell v. Department of Social Services, 436 U.S. 658 (1978), for the constitutional violations set forth in this Count.** Plaintiff alleges that the misconduct committed by municipal employees—including but not limited to NYPD officers, Assistant District Attorneys, and other City agents—was carried out pursuant to policies, customs, and practices officially tolerated and ratified by the City. These include a deliberate indifference to constitutional safeguards, a systemic failure to train and supervise employees in areas such as warrant execution, arrest procedures, prosecutorial conduct, and evidence disclosure, as well as the failure to discipline employees engaged in known patterns of misconduct. The actions giving rise to this Count were taken under color of law and within the scope of employment, and the City's inaction and institutional failures were a moving force behind the violations of Plaintiff's rights.

### Prayer and demand for relief

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Award compensatory damages in the amount of $100,000,000;

(b) Award punitive damages against the individual Defendants;

(c) Grant injunctive relief enjoining NYPD officers and defendants listed herein from engaging in similar conduct;

(d) Declare Defendants' actions unconstitutional;

(e) Award costs and legal fees under 42 U.S.C. § 1988;

(f) Grant such other and further relief as the Court deems just and proper.

Plaintiff seeks **treble damages** under 18 U.S.C. § 1964(c), **costs and filing fees, injunctive relief,** and any other relief the Court deems just and proper.


**JURY DEMAND**

Plaintiff demands a trial by jury on all claims so triable.

Respectfully submitted,

Li-Shann Chang

Pro Se Plaintiff

162 Troy Avenue, Apt. 1F

Brooklyn, NY 11213

Phone: 347-453-0366- Home Phone: 347-529-7421

Email: changlishann@gmail.com

## UNITED STATES DISTRICT COURT

**EASTERN DISTRICT OF NEW YORK**

**Li-Shann Chang,**
Plaintiff,
v.
**The City of New York, et al.,**
Defendants.

Case No.: 1:25-cv-02108-PKC-P

**EXHIBIT LIST**

Plaintiff attaches the following exhibits A-Z in support of the factual allegations and claims set forth in this Fourth Amended Complaint:

- **Exhibit A** – Certified copy of Kings County Search Warrant No. KSC_545/2024.
- **Exhibit B** – Certificate of Disposition for Dismissed Narcotics Charge (CR-019890-24KN) initiated by Defendant Craig McGrath **(Sheild#26900, Badge#6658)**
- **Exhibit C** – Facebook screenshot from 2020 depicting Plaintiff holding a toy firearm, misused in the warrant application.
- **Exhibit D – NYPD Invoice and Arrest Documents listing narcotics possession and intent to sell.** Entered by **Craig McGrath (Sheild#26900, Badge#6658)**
- **Exhibit E – Photograph of Plaintiff's 14-year-old son, Z.C., handcuffed in his underwear during the May 14ᵀᴴ, 2024, raid.**
- **Exhibit F** – Certified Letter dated March 20, 2025, addressed to Judge Kim Petersen, detailing the N.Y.P. D'S misconduct and enclosed with evidence. **(please note: this letter was sent before plaintiff found out that Judge Kim petersen was in collusion with illegal raid)**
- **Exhibit G**- Docket in **supreme court** indicted case that shows no **S.O.R, duplicative charges as well as a Non arrest charge** and also reflects a fraudulent case that Darkeh Abena kept adjourning **C.O.C** and entered into pre trial, and that nothing was entered legally also showing Jana McNulty not filing anything on my behalf colluding with prosecution. **Indictment No. 75218-24/001**
- **Exhibit H** – Certificate of Disposition from 2018 narcotics case (CR-038871-18KN) falsely initiated by Detective Melvin Cordero (First **RICO predicate**).
- **Exhibit I** – Still photo 1 of Plaintiff holding a cellphone, disproving firearm claim.
- **Exhibit J** – Darkened blurry backdated photo, inconspicuously said to have been entered into discovery from the D.A's office on or in November 2024, emailed to plaintiff via email from jana mcnulty on january 15ᵗʰ of 2025.
- **Exhibit K** – Body-worn camera footage audio transcript (David Gomez). DAVID GOMEZ AND DOE DETECTIVE ON BWC FOOTAGE IMPLYING IMPROPER EXCHANGE FOR WARRANT ON MAY 14ᵀᴴ 2024.
- **Exhibit L** – Screenshot falsely attributed to Plaintiff with inconsistent timestamp and no accompanying metadata, demonstrating fabrication and lack of evidentiary authenticity."
- **Exhibit M** – Screenshot falsely attributed to Plaintiff with inconsistent timestamp and no accompanying metadata, demonstrating fabrication and lack of evidentiary authenticity.

- **Exhibit N** – still photo 2-PHONE IN HAND NO FIREARM.
- **Exhibit O-** Plaintiff's Articles of Organization for registered business entity, relevant to claim of lost projected revenue and future earnings.
- **Exhibit P- CW- COMES BACK TO PLAINTIFF'S HOUSE ASKING ME TO COME OUTSIDE TO HURT PLAINTIFF. (PLAINTIFF CALLED THE POLICE) AFTER AGREEGIOUS ALLEGATIONS ON MAY 4TH, THAT LEAD TO FEDERAL and UNCONSTITUTIONAL CIVIL VIOLATIONS AND CRIMES.**
- **Exhibit Q- BWC FOOTAGE OF OFFICER LOVEPREET SINGHS TRAFFIC STOP THAT LEAD TO MY UNLAWFUL ARREST. THE OFFICER DID NOT CUT ON BWC FOOTAGE AUDIO UNTIL AFTER HE SAID HE WATCHES ME EVERYDAY: VIDEO AUDIO STARTS AFTER HE MAKES TARGETING COMMENT.**
- **Exhibit R- SERGEANT DESISTE HARRASSING ME OVER THE ALLEGATIONS. CHASED ME INTO MY BUILDING AT 162 TROY AVE.**
- **Exhibit S- CW OLA PRIDGEN ADMITTS PLAINTIFF DID NOTHING TO HER.**
- **Exhibit T- Docket from false arrest for criminal contempt case in kings criminal court. Case # CR-035519-24KN showing plaintiff's case being fully dismissed in November 2024, and illegally holding plaintiff on three "non-arrest" charges.**
- **Exhibit U- Racial discriminatory foil unit response from Doe#2 R.A.O.**
- **Exhibit V- Fernando M. Leal and Janette Lukowsky's back dated fraudulent prepared premise given to Jana McNulty from the Kings County District Attorney's office at 350 jay Street.**
- **Exhibit W- Discovery shared via Email to plaintiff Li-Shann Chang from Jana Mcnulty Esq. As acting attorney, originating from the District Attorney's office labeled "11-13-24".**
- **Exhibit X- Sealed disposition of false arrest case# CR-035519-24KN.**
- **Exhibit Y- Letter to Judge Darkeh Abena.**
- **Exhibit Z- Motion of Recusal to Darkeh Abena.**

## Addendum A – Clarification Regarding NYPD as a Defendant

**Plaintiff respectfully submits this addendum to clarify the removal of the New York City Police Department (NYPD) as a named defendant in this Fourth Amended Complaint.**

Upon further legal research and review of applicable case law and governing statutes, Plaintiff has determined that the NYPD is not a suable entity under New York law. Courts within the Second Circuit and the Eastern District of New York have consistently held that municipal agencies such as the NYPD are merely administrative arms of the City and lack independent legal capacity to be sued. See *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *N.Y.C. Charter § 396*.

Accordingly, all allegations and claims formerly asserted against the NYPD are now asserted against the **City of New York**, which is the proper municipal defendant under **Monell v. Department of Social Services**, 436 U.S. 658 (1978), for the unconstitutional acts, policies, practices, and customs of the NYPD and its officers.

Plaintiff expressly preserves all claims, evidence, and liability previously attributed to the NYPD as attributable to the **City of New York**, which remains a named defendant in this action.

## Addendum B – Judicial Complicity Outside the Scope of Immunity

**Plaintiff respectfully submits this addendum to clarify the basis for including Judges Kim Petersen and Abena Darkeh as defendants in this action, and to assert that the conduct alleged falls outside the protections of absolute judicial immunity.**

It is well-established that judicial immunity does not extend to acts taken **outside a judge's judicial capacity**, or to actions taken in the **complete absence of jurisdiction**. See *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Stump v. Sparkman*, 435 U.S. 349 (1978). Furthermore, injunctive and declaratory relief may be sought against judges in their **official capacities**, particularly when a judge's actions form part of a larger unconstitutional practice or when future violations are reasonably anticipated. See *Pulliam v. Allen*, 466 U.S. 522 (1984); 42 U.S.C. § 1983.

In this case, **Judge Kim Petersen** is alleged to have knowingly signed an unconstitutional, facially deficient search warrant on May 9, 2024, without a supporting affidavit or probable cause. The warrant omitted the premises address and lacked judicial safeguards, yet authorized a home invasion and arrest that violated Plaintiff's Fourth and Fourteenth Amendment rights. This act, taken **in absence of judicial review and legal foundation**, falls outside the core functions protected by judicial immunity.

**Judge Abena Darkeh**, who presides over Plaintiff's still-pending indictment, is alleged to have allowed backdated and fraudulent discovery into the record, ignored Plaintiff's pro se

motions for constitutional relief, and interfered with Plaintiff's Faretta rights. Her complicity in procedural irregularities—along with her failure to take corrective action despite being presented with exculpatory evidence—supports Plaintiff's claim that her conduct extended into **administrative misconduct or willful participation in a broader civil rights conspiracy.**

Plaintiff is not seeking monetary damages from either judge in this action. Rather, Plaintiff seeks **declaratory and injunctive relief** against them in their **official capacities only,** to prevent further constitutional violations and preserve judicial accountability where immunity does not apply. Plaintiff maintains that the misconduct detailed herein contributed to the broader scheme of racketeering, false arrest, malicious prosecution, and civil conspiracy alleged throughout this complaint.

## Addendum C – CPL § 245 Discovery Violations and CPL § 30.30 Delay

**Plaintiff respectfully submits this addendum to highlight substantial violations of New York Criminal Procedure Law (CPL) §§ 245 and 30.30, which occurred during the underlying criminal proceedings and contributed directly to the malicious prosecution, due process violations, and racketeering pattern outlined in this complaint.**

Under **CPL § 245.10** and **§ 245.20,** prosecutors are required to provide automatic and complete disclosure of all known material and exculpatory evidence to the defense in a timely manner. In **Indicted Case No. 75218-24/001** (Kings County Supreme Court), no discovery was entered on the public docket at any time relevant to the proceedings. Despite this, critical evidence was **back-handedly transmitted to Plaintiff through court-appointed attorney Jana McNulty,** rather than through proper filing or disclosure in open court, thereby depriving Plaintiff of meaningful access, proper court oversight, and procedural fairness. Additionally, under **CPL § 30.30,** the People are required to be ready for trial within the statutory speedy trial period, or risk dismissal of the indictment. Plaintiff alleges that prosecutors failed to declare readiness within the appropriate statutory period, and improperly relied on adjournments and fabricated compliance documents to delay proceedings without justification. These delays were compounded by the court's failure—particularly under the oversight of **Judge Abena Darkeh**—to properly enforce the statutory clock or ensure transparency in the readiness declarations.

Plaintiff further asserts that these ongoing violations were not isolated incidents, but part of a broader pattern of **deliberate prosecutorial misconduct** and **judicial indifference**, sustained through administrative fraud and coordinated inaction. The repeated withholding of exculpatory materials and manipulation of readiness certifications materially prejudiced Plaintiff's ability to prepare an adequate defense and directly contributed to the harm detailed in Counts III (Malicious Prosecution), V (Civil Conspiracy), and VI (RICO).

These discovery and delay violations support Plaintiff's claims of **due process deprivation**, and further illustrate the systemic misconduct carried out under color of law.

## Addendum D – Hannah Howard's Role in Procedural Misconduct and Obstruction (No COC Filed)

**Plaintiff respectfully submits this addendum to outline the misconduct and procedural obstruction committed by Hannah Howard in connection with the criminal proceedings that underpin this civil action.**

Upon information and belief, **Hannah Howard**, acting in her capacity as an employee or agent of the Kings County District Attorney's Office or New York State Unified Court System, played a direct role in undermining Plaintiff's statutory rights under **CPL § 245** by **failing to file any Certificate of Compliance (COC)** as required prior to proceeding with prosecution. No COC was ever served or filed in Plaintiff's underlying case, in violation of state law and established discovery obligations.

Plaintiff asserts that the complete omission of a COC was not an administrative oversight, but rather a **deliberate and coordinated act of procedural misconduct**, carried out with the intent to obstruct Plaintiff's lawful and civil rights. Hannah Howard A.D.A who the covering this indicted case in supreme court, in collaboration with Assistant District Attorneys Fernando M. Leal and Janette Lukowsky, acted under color of law to deny Plaintiff fundamental due process rights, and to sustain a malicious prosecution based on falsified or tampered and concealed evidence.

These omissions materially prejudiced Plaintiff's ability to prepare a defense, triggered unconstitutional pretrial delays, and contributed directly to the violations alleged in **Count III (Malicious Prosecution), Count V (Civil Conspiracy to Violate Civil Rights)**, and **Count VI (RICO)**. Plaintiff further alleges that the failure to file a COC reflects a broader custom or policy of **noncompliance and intentional procedural evasion**, attributable to



# SEARCH WARRANT
## SUPREME COURT OF THE STATE OF NEW YORK
### County of Kings, Part MISC.

In the name of the People of the State of New York:          20 24
To any police officer of the City of New York:

Proof by affidavit and the stenographical testimony having been made this day before me by Police Officer Craig McGrath, Shield Number 26900, Criminal Intelligence Section, of the New York City Police Department ("NYPD"), that there is a reasonable cause to believe that property constituting evidence of an offense, that has been used, or is possessed for the purpose of being used to commit or conceal the commission of an offense against the laws of this State or another State, and/or evidence that tends to demonstrate that an offense was committed or a particular person participated in the commission of an offense, specifically, Criminal Possession of Firearm, and other charges, that occurred in Brooklyn, New York, specifically, handgun, handgun ammunition and accessories, spent shell casings, , and a cell phone[3] bearing cell phone number 917-332-6482, and documents indicating the title of ownership and possession of the premises will be found inside, **Apartment 1F at 162 Troy Avenue, Brooklyn, New York ("Subject Location").**

You are therefore commanded, at any time day or night, without prior notice of purpose or authority (no-knock), this being based on the fact that there is a reasonable cause to believe that a firearm may be present at the Subject Location that could present danger to life and safety of police officers executing the search warrant, students and other members of the community and that since only occupant of the Subject Location is the Subject since the other occupants are currently staying elsewhere since the above-mentioned incident, to search the Subject Location, for the above-mentioned evidence, and to seize it, as well as you are authorized to take of photographs and video images of:

**Apartment 1F at 162 Troy Avenue, Brooklyn, New York**

162 Troy Avenue is a fourteen floor New York City Housing Authority ("NYCHA") red brick, apartment building, within the Albany Houses Complex ("Albany Houses"), located between Park Place and St. Marks Avenue, Brooklyn, New York. Numerals 162 appear on the front of the building above the main door. The Subject Location is Apartment 1F located on the first floor of the building. To access the Subject Location from the street, one enters the lobby of the building and walks towards the left. The Subject Location is a green door, clearly marked with pictures and a Ring Doorbell.

It is further ordered that the photographs of the text message and handgun posted in the application for this search warrant be incorporated by reference into this search warrant.

It is further ordered that the application for this search warrant and any examination by this Court be sealed except for one copy which will be maintained by the Kings County District Attorney's Office until needed for the prosecution of any case arising from the execution of this warrant.

and if you find any such property or any part thereof to bring an inventory thereof, and this search warrant, without unnecessary delay, before any Judge or Justice in Part Misc., 320 Jay Street, Brooklyn, New York.

Dated: Brooklyn, New York
    May 9, 2024
    Time:   4:14 pm

                                    _____
                                       JUSTICE

                                   HON. KIM PETERSEN

                               MAY 09 2024

---

[3] A separate legal process will be prepared for those devices if there is probable cause to search them



# KINGS CRIMINAL COURT

120 Schermerhorn St., Brooklyn, NY 11201

Phone: (646) 386-4500 Fax: (718) 643-7733

**NO FEE**
Non-Public
Version

Court ORI: NY023033J

The People of the State of New York
vs.
**Lishann Chang**

*SEALED pursuant to Section 160.50 of the CP*

**Certificate of Disposition**

Docket Number: **CR-019890-24KN**

CJTN: 70709868Q

NYSID: 00276436J

Defendant DOB: **07/03/1984**

Arrest Date: **05/14/2024**     Arraignment Date: **05/15/2024**

THIS IS TO CERTIFY that the undersigned has examined the files of the **Kings Criminal Court** concerning the above entitled matter and finds the following:

| Count | Charge | Charge Weight | Disposition | Disposition Date |
|-------|--------|---------------|-------------|------------------|
| 1 | PL 220.03 AM Crim Poss Contrl Subst-7th **SEALED 160.50** | AM | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 09/20/2024 |

Charge Weight Key: I=Infraction; V=Violation; AM, BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felony

Dated: **January 10, 2025**

**Chief Clerk/Clerk of the Court**

CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40 —including any appearing on this certificate of disposition— are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to use such an expunged conviction adversely against an individual in any form of application or otherwise—unless specifically required or permitted to do so by statute. It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55, 170.56, 210.46, 210.47, or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.59 or 160.58 of the criminal procedure law, in connection with the licensing, housing, employment, including volunteer positions, or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. An individual required or requested to provide information in violation of this subdivision may respond as if the arrest, criminal accusation, or disposition of such arrest or criminal accusation did not occur. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. For purposes of this subdivision, an action which has been adjourned in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, shall not be considered a pending action, unless the order to adjourn in contemplation of dismissal is revoked and the case is restored to the calendar for further prosecution. [Executive Law 296(16)]

Charges may not be the same as the original arrest charges.

CPL 160.50:     All official records (excluding published court decisions or opinions or records and briefs on appeal) related to the arrest or prosecution on file with the Division of Criminal Justice Services, any court, police agency or prosecutor's office shall not be available to any person or public or private agency.



**EXHIBIT B**





EXHIBIT

C

 3:57     96%

**Zaint Shann**
NOV 27, 2020

Reginald Cirocstar Mitchell + 26     5 comments

Like    Comment     Send     Share



# NYPD Property Clerk Invoice
PD 521-141(Rev.12/18)



EXHIBIT
D



Invoice No. **3001744977**

| | |
|---|---|
| Invoicing Command | Invoice Status |
| **77TH PRECINCT** | **UNAPPROVED** |
| Invoice Date | Property Type | Property Category |
| **05/14/2024** | **GENERAL PROPERTY** | **INVESTIGATORY** |

| Officers | Rank | Name | Tax No. | Command | |
|---|---|---|---|---|---|
| Invoicing Officer | PO | MCGRATH, CRAIG J | 955165 | INTEL-CRIMINAL INTEL SECTION | OCME.EU No. |
| Arresting Officer | PO | MCGRATH, CRAIG | 955165 | INTEL-CRIMINAL INTEL SECTION | OCME.FB No. |
| Investigating Officer | N/A | | | | Police Lab Evid.Ctrl.No. |
| Det Squad Supervisor | N/A | | | | Det Sqd. Case No. |
| CSU/ECT Processing | N/A | | | | CSU/ECT Run No. |

| Item | Total QTY | Article(s) | Estimated Value | Pkg. No. | QTY | Disposition |
|---|---|---|---|---|---|---|
| 1 | 1 | CELL PHONE COLOR: BLACK MAKE: APPLE MODEL: IPHONE IMEI: 3567801110932424 DESCRIPTION: BLACK APPLE IPHONE DAMAGE/DEFACEMENT DESCRIPTION SURFACE SCRATCHES | | 1205259309 | 1 | |
| | | **Total Cash Value** | **0.00** | | | |

| REMARKS |
|---|
| **955165 05/14/2024 11:11 : above listed items are being vouchered as investigatory evidence** |

| Date of Incident | Penal Code/Description | Crime Classification | Related To | Receipt |
|---|---|---|---|---|
| 05/14/2024 | 22016/CRIM POSS CONT SUBST | FELONY | | |
| 05/14/2024 | CPCS-3RD:NARC DRUG INT/SELL | FELONY | N/A | N/A |

| | Prisoner(s) Name | D.O.B | Age | Address | Arrest No./Summons No. | NYSID No. |
|---|---|---|---|---|---|---|
| 1 | CHANG, LISHANN | 07/03/1984 | 39 | 162 TROY AVENUE 1F BROOKLYN, NY | K24627465 | 00276436J |

| | Name | Tax No. | Address | Phone.No |
|---|---|---|---|---|
| Finder | | | | |
| Owner | CHANG, LISHANN | | 162 TROY AVENUE 1F BROOKLYN, NY | |
| Complainant(s) | PSNY | | | |
| Person Vehicle Taken From | | | | |

Complaint No. **2024-077-002600**

Related Comp No.(s) **N/A**

Aided/Accident No.(s) **N/A**

Related Invoice(s) **N/A**



Invoice No. **3001744977**

Property Clerk Copy
printed: 05/15/2024 18:30

PCD Storage No.
--
Page No.1 of 2



EXHIBIT

E

ui ▷ Media Player

ring

Ring_YAHSHOUSE_20240...

Li-Shann Chang
162 Troy Ave. Apt. 1F
Brooklyn, N.Y. 11213
Email: changlishann@gmail.com
03/20/2025

Honorable Judge Kim Petersen

Supreme Court, Kings County

320 Jay Street

Brooklyn, NY 11201

**RE: Unlawful Conduct by Law Enforcement – Fraudulent Warrant and False Testimony**

Dear Honorable Judge Peterson,

I am writing to formally bring to your attention the egregious misconduct committed by law enforcement officials, specifically Officer Craig McGrath, in obtaining a fraudulent warrant that has resulted in my indictment IND-75218-24/001. The actions taken by these officials not only violated my constitutional rights but also constitute federal crimes, including perjury, abuse of power, and manipulation of evidence.

On May 9, 2024, officers obtained a warrant for my phone and residence based on fabricated claims regarding an alleged incident that took place on May 4, 2024. Officer Craig McGrath, among others, falsely alleged that I was involved in this crime. This warrant was executed on May 14, 2024, under false pretenses.

Through body-worn camera footage, I have irrefutable proof that officers conspired to fraudulently obtain this warrant. In the footage, detectives can be heard stating:

This exchange demonstrates that the warrant was obtained not through legal justification but through an exchange of favors, an outright abuse of power. Furthermore, the officers manipulated still photos and misrepresented evidence to support their baseless claims. They alleged that I passed a firearm in a hallway, when in reality, I was holding a cell phone. Despite obtaining a warrant and executing a search of my residence, no firearm was recovered, proving the falsity of their claims.



EXHIBIT

F



EXHIBIT

F

Through body-worn camera footage, I have irrefutable proof that officers conspired to fraudulently obtain this warrant. In the footage, detectives can be heard stating:

This exchange demonstrates that the warrant was obtained not through legal justification but through an exchange of favors, an outright abuse of power. Furthermore, the officers manipulated still photos and misrepresented evidence to support their baseless claims.

Gomez: "we were just talking about that"

Doe Detective: "who"

Gomez: "me and the warrant guy"

Doe Detective: "what about it"

Gomez: "like oh he gave you a collar (meaning search and seize), you owe him"

"nothing's for free you know"

Doe Detective: "that's right"

b) Still photo showing Plaintiff with a cellphone, not a firearm;

c) The premises warrant application showing manipulated evidence and conflicting timestamps.

They alleged that I passed a firearm in a hallway, when in reality, I was holding a cell phone. Despite obtaining a warrant and executing a search of my residence, no firearm was recovered, proving the falsity of their claims.

Additionally, I was initially charged with possession of a controlled substance with intent to sell. However, this charge was ultimately dismissed in Kings County Criminal Court, further supporting my assertion that I have been maliciously prosecuted. The ongoing case against me is built upon a foundation of lies and constitutional violations.

Given the clear evidence of misconduct, perjury, and fraudulent warrant acquisition, I respectfully request the following:

1. A full review of the warrant application process in my case and an investigation into Officer Craig McGrath's conduct.
2. A Franks Hearing to challenge the validity of the search warrant based on false statements and misrepresented evidence.
3. The suppression of any evidence obtained because of the illegally obtained warrant.
4. The dismissal of my case on the grounds of prosecutorial misconduct, lack of probable cause, and violations of my constitutional rights.

I firmly believe that this matter warrants immediate judicial scrutiny to prevent the continued violation of my rights. The actions of law enforcement in my case are not only unethical but also illegal. I trust in the integrity of the court to ensure that justice is served.

I appreciate your time and consideration and respectfully request that this matter be reviewed at your earliest convenience. Please advise me on any further steps necessary to ensure that my concerns are addressed.

Sincerely,

Li-Shann Chang



EXHIBIT

F

## Case Details - Appearances



**CASE INFORMATION**

Court: **Kings Supreme Criminal Court**
Case #: **IND-75218-24/001**
Defendant: **Chang, Lishann**

| Date/ Time | Judge/ Part | Calendar Section | Arraignment/ Hearing Type | Court Reporter | Outcome/ Release Status |
|---|---|---|---|---|---|
| 10/01/2024 09:30 AM | Darkeh, Abena SCDV 1 | Arraignment | 1st Appearance | Matzel, Lisa | Adjourned, Tempora Order of Protection, Arraigned, Pled Not Guilty, Bail: Released With Non-Monetary Conditions |
| 12/05/2024 09:00 AM | Darkeh, Abena SCDV 1 | Certificate of Compliance - People to File | Adjournment | Znamenshchikova, Anna | Adjourned |
| 02/06/2025 09:00 AM | Darkeh, Abena SCDV 1 | Certificate of Compliance - Defense to File, Certificate of Compliance Challenges/Reciprocal Discovery | Adjournment | Ferraro, Debra | Adjourned |
| 03/21/2025 09:00 AM | Darkeh, Abena SCDV 1 | Certificate of Compliance - Defense to File, Certificate of Compliance Challenges/Reciprocal Discovery | Adjournment | Giboni, Giulia | Adjourned |
| 05/09/2025 09:00 AM | Darkeh, Abena SCDV 1 | Pre-Trial Conference | Trial | Moy, Antonia | Adjourned |
| 05/15/2025 09:00 AM | Darkeh, Abena SCDV 1 | WO-Stayed - Defendant to Appear | Adjournment | MacCormack, Nathan | Adjourned |
| 07/15/2025 09:00 AM | Darkeh, Abena SCDV 1 | Pre-Trial Conference | Trial | | |
| 07/15/2025 09:00 AM | Darkeh, Abena SCDV 1 | Motion | Adjournment | | |

Back to

Courts

**Case Details**
Summary
Appearances
Charges
Motions



EXHIBIT
G

# ARTICLES OF ORGANIZATION
## OF
## MADAMENUDIBRANCH LLC
Under Section 203 of the Limited Liability Company Law

THE UNDERSIGNED, being a natural person of at least eighteen (18) years of age, and acting as the organizer of the limited liability company hereby being formed under Section 203 of the Limited Liability Company Law of the State of New York certifies that:

**FIRST:** The name of the limited liability company is:

### MADAMENUDIBRANCH LLC

**SECOND:** To engage in any lawful act or activity within the purposes for which limited liability companies may be organized pursuant to Limited Liability Company Law provided that the limited liability company is not formed to engage in any act or activity requiring the consent or approval of any state official, department, board, agency, or other body without such consent or approval first being obtained.

**THIRD:** The county, within this state, in which the office of the limited liability company is to be located is KINGS.

**FOURTH:** The Secretary of State is designated as agent of the limited liability company upon whom process against it may be served. The address within or without this state to which the Secretary of State shall mail a copy of any process against the limited liability company served upon him or her is:

LI-SHANN CHANG
162 TROY AVE.
APT.1F
BROOKLYN, NY 11213

**FIFTH:** The limited liability company designates the following as its registered agent upon whom process against it may be served within the State of New York is:

LI-SHANN CHANG
162 TROY AVE.
APT.1F
BROOKLYN, NY 11213

**SIXTH:** The existence of the limited liability company shall begin upon filing of these Articles of Organization with the Department of State.

**SEVENTH:** The limited liability company shall have a perpetual existence.

**EXHIBIT**

**EIGHTH:** The limited liability company shall defend, indemnify and hold harmless all members, managers, and former members and managers of the limited liability company against expenses (including attorney's fees, judgments, fines, and amounts paid in settlement) incurred in connection with any claims, causes of action, demands, damages, liabilities of the limited liability company, and any pending or threatened action, suit, or proceeding. Such indemnification shall be made to the fullest extent permitted by the laws of the State of New York, provided that such acts or omissions which gives rise to the cause of action or proceedings occurred while the Member or Manager was in performance of his or her duties for the limited liability company and was not as a result of his or her fraud, gross negligence, willful misconduct or a wrongful taking. The indemnification provided herein shall inure to the benefit of successors, assigns, heirs, executors, and the administrators of any such person.

I certify that I have read the above statements, I am authorized to sign these Articles of Organization, that the above statements are true and correct to the best of my knowledge and belief and that my signature typed below constitutes my signature.

LOVETTE DOBSON  (signature)
_____

LOVETTE DOBSON , ORGANIZER
17350 STATE HWY 249
#220
HOUSTON, TX 77064

Filed by:
LOVETTE DOBSON
17350 STATE HWY 249
#220
HOUSTON, TX 77064



**EXHIBIT**

FILED WITH THE NYS DEPARTMENT OF STATE ON: 11/12/2020
FILE NUMBER: 201112010532; DOS ID: 5876872

## Case Details - Charges

 **CASE INFORMATION**

| | |
|---|---|
| Court: | **Kings Criminal Court** |
| Case #: | **CR-035519-24KN** |
| Defendant: | **Chang, Liehann** |

**Note:** The appearance of section 110 in front of the charge indicates it is an attempt to commit the crime

| Charge | Detail | | Disposition/Sentence |
|---|---|---|---|
| PL 215.50 03 | **AM , 1 count, Arrest Charge** | | Dismissed - Criminal, Arraigned, Pled Not Guilty |
| | Description: | Crim Contempt-2nd:disobey Crt | |
| | Count: | 2 | |
| PL 240.30 01A | **AM , 1 count, Arrest Charge** | | Dismissed - Criminal, Arraigned, Pled Not Guilty |
| | Description: | Agg Harassment 2 - Threat | |
| | Count: | 3 | |
| PL 240.30 01B | **AM , 1 count, Arrest Charge** | | Dismissed - Criminal, Arraigned, Pled Not Guilty |
| | Description: | Aggravated Harassment 2nd | |
| | Count: | 4 | |
| PL 240.30 02 | **AM , 1 count, Arrest Charge** | | Dismissed - Criminal, Arraigned, Pled Not Guilty |
| | Description: | Agg Harass 2 -threat By Phone | |
| | Count: | 5 | |
| PL 240.26 01 | **V , 1 count, Arrest Charge** | | Dismissed - Criminal, Arraigned, Pled Not Guilty |
| | Description: | Harassment-2nd:physical Cntact. | |
| | Count: | 6 | |
| PL 240.26 01 | **V , 1 count, Not an Arrest Charge** | | Arraigned, Pled Not Guilty |
| | Description: | Harassment-2nd:physical Cntact | |
| | Count: | 9 | |
| PL 240.30 01A **\*\* TOP CHARGE \*\*** | **AM , 1 count, Not an Arrest Charge** | | Arraigned, Pled Not Guilty |
| | Description: | Agg Harassment 2 - Threat | |
| | Count: | 8 | |
| PL 215.50 03 | **AM , 1 count, Not an Arrest Charge** | | Arraigned, Pled Not Guilty |
| | Description: | Crim Contempt-2nd:disobey Crt | |
| | Count: | 7 | |

Back to top

Courts
Case Details
Summary
Appearances
Charges
Motions



**EXHIBIT**

T



From        donotreply@records.nyc.gov
Reply-to    DOCPRODIIOC@nypd.org
To          changlishann@gmail.com
Date        Jan 15, 2025, 2:45 PM
            Standard encryption (TLS).
            View security details

The New York City Police Department (NYPD) has **acknowledged** your FOIL request

You can expect a response on or about Wednesday, May 28, 2025.

Your request has been assigned to None Korotun (None) of this office.

Please visit _____ to view additional information and take any necessary action.



EXHIBIT

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF KINGS, PART MISC.

STATE OF NEW YORK)
              ) - ss.:
COUNTY OF KINGS   )

Police Officer Craig McGrath, Shield Number 26900, of the New York City Police Department ("NYPD"), Criminal Intelligence Section, being duly sworn, deposes and says:

1.      I have been a member of the NYPD for over nine years. Since March 2023, I have been assigned to the NYPD Criminal Intelligence Section and detailed as a Field Intelligence Officer Assistant/Field Intelligence Officer ("FIO Assistant/FIO") to the 77 Precinct. My current duties as a FIO Assistant/FIO relate to investigating, apprehending, and debriefing perpetrators of various crimes and gathering intelligence relating to firearms, controlled substances and other crimes. Prior to my current assignment, I served in various police precincts in various positions as a police officer with an Anti-crime Unit, Conditions and patrol. I have received training from the NYPD relating to the investigation of various crimes, including violent felony offenses, crimes against persons, firearm and controlled substances related offenses, and the securing of crime scene evidence.

2.      I state that there is a reasonable cause to believe that property constituting evidence of an offense, that has been used, or is possessed for the purpose of being used to commit or conceal of the commission of an offense against the laws of this State or another State, and/or evidence that tends to demonstrate that an offense was committed or a particular person participated in the commission of an offense, specifically, Criminal Possession of Weapon, and other charges, that occurred in Brooklyn, New York, specifically, handgun, handgun ammunition and accessories, and a cell phone[1] assigned cell phone number 917-332-6482, photographs of which are posted below in this application, and documents indicating the title of ownership and possession of the premises will be found inside **Apartment 1F at 162 Troy Avenue, Brooklyn, New York ("Subject Location").**

3.      Because the affidavit is submitted for the limited purpose of establishing probable cause pursuant to CPL § 690, I have not set forth every fact learned during the course of this investigation.

4.      162 Troy Avenue is a fourteen floor New York City Housing Authority ("NYCHA") red brick, apartment building, within the Albany Houses Complex ("Albany Houses"), located between Park Place and St. Marks Avenue, Brooklyn, New York. Numerals 162 appear on the front of the building above the main door. The Subject Location is Apartment 1F located on the first floor of the building. To access the Subject Location from the street, one enters the lobby of the building and walks towards the left. The Subject Location is a green door, clearly marked with pictures and a Ring Doorbell.

5.      Photographs of the Subject Location are posted below and are incorporated by reference into the proposed search warrant:







---

[1]    A separate legal process will be prepared for those devices if there is probable cause to search them.

LEAU SW 161/24 (KCDA SW 637/24)
Prepared by ADA Fernando Leal   AB: ADA Janette Lukowsky
November 13, 2024

**The Crime**

6.    I am informed by Ola Pridgen ("Victim") that on April 27, 2024, at approximately 10:11 a.m., she received a threatening text message from cell phone number 917-332-6482, which she recognized as belonging to Lishann Chang ("Suspect 1"), which stated in sum and substance red dot, where the fuck you at, with a picture of Suspect 1 showing her face and holding a silver and black handgun. I am further informed by the Victim, she recognized the women in the picture to be Suspect 1 because the Victim and Suspect 1 have had prior interactions and Suspect 1 is the girlfriend of Lorenzo McDaniel ("Suspect 2") with whom the Victim has a child in common, and the Victim stays in contact with Suspect 2 because of said child.

7.    Photograph of the text message is posted below and is incorporated by reference into the proposed search warrant:

 

8.    I am further informed by the Victim that on May 4, 2024, at approximately 12:00 p.m., she was in the rear courtyard of 162 Troy Avenue, Brooklyn, NY, which is part of the Albany Houses Complex ("Albany Houses"), sitting on a bench socializing when the Victim heard Suspect 2 on his cell phone state to Suspect 1 in sum and substance to come outside.

9.    I am further informed by the Victim that on May 4, 2024, at approximately 12:00 p.m., Suspect 1 came outside and the Victim heard Suspect 2 state in sum and substance to Suspect 1 to fuck her up, at which point Suspect 1 struck the Victim about the face with the aforementioned silver and black handgun and with her fist. I am further informed by the Victim that Suspect 1 took the Victim's purse which contained $3,500 United States Currency ("USC") while she was being struck about the face with said handgun and fist, and then Suspect 1 and Suspect 2 fled the location by foot. I am further informed by the Victim that she suffered bruising and lacerations to the face as a result of the attack.

10.    I am informed by the official records of the NYPD that on May 4, 2024, the Victim went by ambulance and taken to Interfaith Hospital where she was treated and released for said bruising and lacerations.

11.    I am informed by the Victim that Suspect 1 lives in apartment 1F, 162 Troy Avenue, Brooklyn, NY ("Subject Location"), and she knows Suspect 1 from prior interactions with Suspect 1, and that Suspect 2 stays at the Subject Location, because the Victim maintains contact with Suspect 2 because they have a child in common and she knows Suspect 1 and Suspect 2 are in a romantic relationship.

12.    On May 7, 2024, I was informed by the official records of NYCHA that Subject 1 is listed as the leaseholder for Apartment 1F, 162 Troy Avenue, Brooklyn, New York, the Subject Location, since April 16, 2012, and Subject 1 provided NYCHA cell phone number 917-332-6482 as her contact number.

13.    On May 7, 2024, I performed a DAS[2] check and was informed by the official records of the NYPD that cell phone number 917-332-6482 belongs to Suspect 1.

---

[2]    The Domain Awareness System ("DAS") is a network of sensors, databases, devices, software, and infrastructure which delivers tailored information and analytics to mobile devices and precinct desktops.

LEAU SW 161/24 (KCDA SW 637/24)
Prepared by ADA Fernando Leal  AB: ADA Janette Lukowsky
November 13, 2024

### Video Surveillance Footage

14. Members of the NYPD recovered video surveillance footage (the "Footage") related to this crime which captured the events that occurred after the incident.

15. I observed on the Footage individuals depicted which matched Lishann Chang ("Suspect 1") and Lorenzo McDaniel ("Suspect 2") walking inside of 162 Troy Avenue, the Subject Location, and said Footage depicted Suspect 1 handing the aforementioned handgun to Suspect 2, after the assault on the Victim.

16. The photograph recovered from the Footage depicting Suspect 1 handing the aforementioned handgun to Suspect 2 is posted below and is incorporated by reference into the proposed search warrant:

 

### Requested Evidence

17. Based on the above and my training and experience as a detective, I believe that Lishann Chang ("Suspect 1") and Lorenzo McDaniel ("Subject 2"), participated in the above-described crimes and Suspect 1 resides at the Subject Location.

18. Based on the above, and my training and experience as a detective, the Subject Location is the residence of Lishann Chang ("Subject 1"), and that it is common practice for individuals to store their electronic devices, such as cell phones, and personal effects, such as a handgun, at their place of residence even for long periods of time and despite purchasing new electronics and other effects.

19. Under the circumstances, it is not unreasonable to find the Suspect's cell phone and handgun used during the above crime, at her home. This handgun and cell phone serve as a basis to identify the perpetrator of said crime and therefore, consists of evidence of said crime.

20. Based on the above, I have reason to believe that the above-mentioned evidence and property related to the above-mentioned crime may be found inside the Subject Location.

**WHEREFORE,** I respectfully request that the Court issue a Warrant and Order of seizure in the form annexed, authorizing at any time day or night, a search of the Subject Location, and any locked and unlocked containers where the property sought to be seized can be stored, for the above mentioned evidence, as well as taking of photographs and video images, without prior notice of purpose or authority (no-knock), this request being based on the fact that there is a reasonable cause to believe that there may be a firearm at the Subject Location that could present danger to life and safety of police officers executing the proposed search warrant and that the only occupant of the Subject Location is the Subject since the other occupants are currently staying elsewhere since the above-mentioned incident.

Furthermore, in view of the fact the Subject Location is located by two grade schools and a daycare center, it is request that the warrant be authorized for execution starting at 4:00 a.m. to 9:00 p.m. to minimize any possible danger to the public pursuant to CPL 690.35(4)(a).

I request that any examination by this Court be incorporated into this application.

I further request that any examination by this Court be sealed except for one copy which will be maintained by the Kings County District Attorney's Office until needed for the prosecution of any case arising from the execution of this warrant.

Sworn to before me this
November 13, 2024
Time:

POLICE OFFICER CRAIG MCGRATH,
SHIELD NUMBER 26900
OF THE CRIMINAL INTELLIGENCE SECTION

_____
JUSTICE

_____
COURT REPORTER

**SEARCH WARRANT**
**SUPREME COURT OF THE STATE OF NEW YORK**
**County of Kings, Part MISC.**

**In the name of the People of the State of New York:**
**To any police officer of the City of New York:**

Proof by affidavit and the stenographical testimony having been made this day before me by Police Officer Craig McGrath, Shield Number 26900, Criminal Intelligence Section, of the New York City Police Department ("NYPD"), that there is a reasonable cause to believe that property constituting evidence of an offense, that has been used, or is possessed for the purpose of being used to commit or conceal the commission of an offense against the laws of this State or another State, and/or evidence that tends to demonstrate that an offense was committed or a particular person participated in the commission of an offense, specifically, Criminal Possession of Firearm, and other charges, that occurred in Brooklyn, New York, specifically, handgun, handgun ammunition and accessories, spent shell casings, , and a cell phone[3] bearing cell phone number 917-332-6482, and documents indicating the title of ownership and possession of the premises will be found inside, **Apartment 1F at 162 Troy Avenue, Brooklyn, New York ("Subject Location").**

You are therefore commanded, at any time day or night, without prior notice of purpose or authority (no-knock), this being based on the fact that there is a reasonable cause to believe that a firearm may be present at the Subject Location that could present danger to life and safety of police officers executing the search warrant, students and other members of the community and that since only occupant of the Subject Location is the Subject since the other occupants are currently staying elsewhere since the above-mentioned incident, to search the Subject Location, for the above-mentioned evidence, and to seize it, as well as you are authorized to take of photographs and video images of:

**Apartment 1F at 162 Troy Avenue, Brooklyn, New York**

162 Troy Avenue is a fourteen floor New York City Housing Authority ("NYCHA") red brick, apartment building, within the Albany Houses Complex ("Albany Houses"), located between Park Place and St. Marks Avenue, Brooklyn, New York. Numerals 162 appear on the front of the building above the main door. The Subject Location is Apartment 1F located on the first floor of the building. To access the Subject Location from the street, one enters the lobby of the building and walks towards the left. The Subject Location is a green door, clearly marked with pictures and a Ring Doorbell.

It is further ordered that the photographs of the text message and handgun posted in the application for this search warrant be incorporated by reference into this search warrant.

It is further ordered that the application for this search warrant and any examination by this Court be sealed except for one copy which will be maintained by the Kings County District Attorney's Office until needed for the prosecution of any case arising from the execution of this warrant.

and if you find any such property or any part thereof to bring an inventory thereof, and this search warrant, without unnecessary delay, before any Judge or Justice in Part Misc., 320 Jay Street, Brooklyn, New York.

Dated: Brooklyn, New York
        November 13, 2024
        Time:

_____
                        JUSTICE

**EXHIBIT**

**V**

---

[3] A separate legal process will be prepared for those devices if there is probable cause to search them.
LEAU SW 161/24 (KCDA SW 637/24)
Prepared by ADA Fernando M. Leal  AB: ADA Janette Lukowsky
November 13, 2024



**Jana McNulty has shared a folder "11-13-24" with you**

Jana McNulty <notify@egnyte.com>
to me

| | |
|---|---|
| from: | **Jana McNulty** <notify@egnyte.com> |
| reply-to: | Jana McNulty <jmcnulty@bds.org> |
| to: | changlishann@gmail.com |
| date: | Jan 15, 2025, 12:00 PM |
| subject: | Jana McNulty has shared a folder "11-13-24" with you |
| mailed-by: | eb15944.egnyte.com |
| shared-by: | egnyte.com |
| security: | Standard encryption (TLS) Learn more |

lowing folder with you.

The folder is password protected. The password will be shared with you separately.

Your access expires on Jan 30, 2025



**EXHIBIT**

3



# KINGS CRIMINAL COURT

120 Schermerhorn St., Brooklyn, NY 11201

Phone: (646) 386-4500 Fax: (718) 643-7733

Court ORI: NY023033J

## NO FEE
**Non-Public**
**Version**

| The People of the State of New York | Certificate of Disposition | |
|---|---|---|
| vs. **SEALED** | Docket Number: | CR-035519-24KN |
| **Lishann Chang** | | |
| pursuant to Section 160.50 of the CPL | CJTN: | 70833353R |
| | NYSID: | 00276436J |

**EXHIBIT**

**X**

Defendant DOB: **07/03/1984**          Arrest Date: **08/22/2024**          Arraignment Date: **08/23/2024**

THIS IS TO CERTIFY that the undersigned has examined the files of the **Kings Criminal Court** concerning the above entitled matter and finds the following:

| Count # | Charge | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1 | PL 215.51 BIII EF Crim Contempt-1st:Communicates **SEALED 160.50** | EF | Dismissed (Statutory Motion to Dismiss in Furtherance of Justice (CPL 170.40), Sealed 160.50) | 10/16/2024 |
| 2 | PL 215.50 03 AM Crim Contempt-2nd:Disobey Crt | AM | Dismissed (Superseded by Another Charge (CPL 100.50(1))) | 10/16/2024 |
| 3 | PL 240.30 01A AM Agg Harassment 2 - Threat | AM | Dismissed (Superseded by Another Charge (CPL 100.50(1))) | 10/16/2024 |
| 4 | PL 240.30 01B AM Aggravated Harassment 2nd | AM | Dismissed (Superseded by Another Charge (CPL 100.50(1))) | 10/16/2024 |
| 5 | PL 240.30 02 AM Agg Harass 2 -Threat By Phone | AM | Dismissed (Superseded by Another Charge (CPL 100.50(1))) | 10/16/2024 |
| 6 | PL 240.26 01 V Harassment-2nd:Physical Cntact | V | Dismissed (Superseded by Another Charge (CPL 100.50(1))) | 10/16/2024 |
| 7 | PL 215.50 03 AM Crim Contempt-2nd:Disobey Crt **SEALED 160.50** | AM | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 06/11/2025 |
| 8 | PL 240.30 01A AM Agg Harassment 2 - Threat **SEALED 160.50** | AM | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 06/11/2025 |
| 9 | PL 240.26 01 V Harassment-2nd:Physical Cntact **SEALED 160.50** | V | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 06/11/2025 |

Charge Weight Key: I=Infraction; V=Violation; AM, BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felony

Dated:  **June 16, 2025**                                                                                           Chief Clerk/Clerk of the Court

### CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40 —including any appearing on this certificate of disposition—are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to use such an expunged conviction adversely against an individual in any form of application or otherwise—unless specifically required or permitted to do so by statute. It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55, 170.56, 210.46, 210.47, or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.59 or 160.58 of the criminal procedure law, in connection with the licensing, housing, employment, including volunteer positions, or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining

**Li-Shann Chang**

05/20/2025

**Re: Motion for Recusal of Acting Justice Abena Darkeh**

**To the Honorable Judge Abena Darkeh:**

Your Honor,

I respectfully submit this letter in support of my motion for your recusal from my pending criminal case. I do not take this request lightly. However, after observing the disparity between your public legacy and your conduct in my case, I believe recusal is not only justified, but necessary to preserve both judicial integrity and constitutional protections.

Judge Darkeh, your publicly celebrated career reflects the story of a barrier-breaking woman rooted in a legacy of cultural pride, community service, and respect for civil liberties. Your upbringing, education, and judicial philosophy—at least as presented— emphasize empathy, equity, and commitment to justice. You have spoken proudly of your immigrant heritage, your parents' civic leadership, your advocacy for domestic violence victims, and your belief in fairness for all, regardless of station.

But the reality I've experienced in your courtroom has not reflected those values.

Despite invoking your appreciation for the struggles of the marginalized and your commitment to justice, I have been subjected to what I believe are repeated procedural violations, biased rulings, and obstruction of my constitutional rights—particularly my right to represent myself (Faretta v. California) and to a fair, impartial tribunal. Instead of being treated as an individual worthy of dignity and due process, I have been treated dismissively, my filings delayed or disregarded, and my concerns minimized.

It is especially troubling because you, more than most, should understand what it means for someone to stand up and exercise their constitutional rights in the face of systemic obstacles. Yet rather than protecting my rights, you have—by your conduct—undermined them.

If one's public statements and professional trajectory reflect a commitment to justice and community, then the courtroom should be the first place those principles are honored. When it is not, it turns judicial service into performance—and legacy into hypocrisy.



Judge Darkeh, this is not personal. This is about trust in the court. A person who stands on their constitutional rights should not be punished, silenced, or maneuvered out of legal fairness. You worked hard to become a voice for justice—but your recent actions suggest you have strayed far from what you once represented.

For these reasons, I respectfully urge that you recuse yourself from further proceedings in my case. Not only for the sake of fairness in this matter, but to ensure that your legacy aligns with the values you have publicly embraced.

Respectfully,

Li-Shann Chang

Changlishann@gmail.com





EXHIBIT
Z

Instructions: Fill in the names of the defendant and the Indictment Number. Complete the black spaces next to the instructions printed in bold type. PRINT AND USE BLACK INK ONLY. SIGN ~~YOUR NAME~~ BEFORE A NOTARY PUBLIC.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------X

_____,
      People of the State of New York

          -against-

_Li-Shann Chang_____,
[FILL IN NAME(S)]

------------------------------------------X

CLERKS OFFICE

MAY 2 0 2025  vf /305pm

KINGS COUNTY DISTRICT ATTORNEY

Indictment No.

_75218-24 / 001_

NOTICE OF MOTION

PLEASE TAKE NOTICE that upon the attached affidavit(s) of _Li-Shann Cheng_____ [YOUR NAME(S)], sworn to on the _20th_ day of _May_____, 200__, [DATE THE AFFIDAVIT WAS SWORN TO BEFORE A NOTARY PUBLIC], and the exhibits attached thereto, and upon all the proceedings in this case to date, the defendant(s)[IDENTIFY THE PARTY MAKING MOTION] _of Recusal_____

_____ will move in this Court, at 9:30 A.M. on the _20th_ day of _May 2025_____, 200__, at the Courthouse,320 Jay Street, Brooklyn, N.Y., Part___ before the Honorable_Darkeh Abena_ for an order, pursuant to _____ [INSERT SECTION THAT APPLIES] granting the following to the movant(s)

[DESCRIBE THE RELIEF BEING SOUGHT] _Judge Darkeh Abena_
_be recused from further presiding over this_
_matter._

_____and granting

such other and further relief as this Court may deem just and proper.

both individual misconduct and systemic breakdowns within the prosecutorial and judicial administration.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF NEW YORK

---

**Li-Shann Chang,**
Plaintiff,
v.
**City of New York, et al.,**
Defendants.

---

Case No. 1:25-cv-02108-PKC-PK

# CERTIFICATE OF SERVICE

I, **Li-Shann Chang,** hereby certify that on the 11th day of July, 2025, I served the following documents upon the Clerk's Office of the United States District Court for the Eastern District of New York:

- **Fourth Amended Complaint**
- **Exhibits A–Z**
- **Addendums A–D\**
- Any accompanying civil cover sheet, summons requests, and/or supporting documents

The above documents were delivered for official filing in this matter, **Case No. 1:25-cv-02108-PKC-PK**, at the following location:

**Clerk's Office – U.S. District Court, EDNY**
**225 Cadman Plaza East**
**Brooklyn, NY 11201**

This submission was made [✓] **in person**   [ ] **by mail** (check one), and a stamped copy was requested for Plaintiff's records.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 11th day of July, 2025
in **Brooklyn, New York.**

**Signature:** _____ 07/11/2025

**Li-Shann Chang, Plaintiff (Pro Se)**
**162 Troy Ave., Apt. 1F**
**Brooklyn, NY 11213**
**Cell: (347) 453-0366**
**Home: (347) 529-7421**
**Email: changlishann@gmail.com**